GEORGE W. BILBO et al., Petitioners, v. DISTRICT COURT OF RING-GOLD COUNTY et al., Respondents.

**VENUE:** **Continuance Destroys Right to Change.** An application for 1   change of venue from the county of performance to the county of defendant's residence, on the ground of fraud in the inception of the contract, *must,* after issue is joined, be made *before the cause is continued over the term.*  (Sec. 3505, Code Supp., 1913; Sec. 3506, Code, 1897.)

**PLEADING:** **Answer—Statutory Denial.** A petition alleging the 2   execution of a note, with an answer alleging fraud in the inception of the note, creates an issue.

*Certiorari to Ringgold District Court.—*HOMER A. FULLER, Judge.

OCTOBER 18, 1921.

REHEARING DENIED JANUARY 20, 1922.

PROCEEDINGS in certiorari, to test the legality of the action of the district court of Ringgold County in refusing a change of venue to plaintiffs, under Section 3505, Subsection 6, of the 1913 Supplement, in an action brought against plaintiffs, George W. Bilbo and Mary S. Bilbo, by Bert Teale, in Ringgold County, upon a promissory note.  Petitioners filed answer therein, alleging fraud in the inception of the note, and alleging their residence to have been at all times in Union County, and asking

a change of venue from Ringgold County to Union County, the county of their residence.

The order of the district court is sustained and affirmed.— *Affirmed.*

*Spence & Beard, D. W. Higbee,* and *R. Brown,* for petitioners.

*F. F. Fuller* and *Lewis & Lewis,* for respondents.

ARTHUR, J.—On August 5, 1920, Bert Teale filed a petition in the district court of Ringgold County, demanding judgment on a promissory note, which, by its express terms, was payable at Mt. Ayr, the county seat of Ringgold County. The suit was brought for the August, 1920, term, which began August 16, 1920, and an original notice was duly served on defendants, notifying them to appear before noon of the second day of the term.

1. VENUE: continuance destroys right to change.

On August 17th, defendants appeared by Thomas L. Maxwell and Spence & Beard, attorneys, and at the request of their attorneys, were given 30 days' time to file answer. On August 17, 1920, the answer of defendants, which was afterwards filed, was prepared, signed, and verified by appellants. On September 18, 1920, defendants filed the answer, admitting execution and delivery of the note sued on, but alleged fraud in its inception.

Subsequent to the filing of the answer, the cause was continued over to the November term, by the final adjournment of the August term. The November term, 1920, convened on the 1st day of November. At the November term, some time in November, the case was continued over to. the January term, 1921.

On the 23d day of December, plaintiff filed a trial notice that the case would be brought to trial at the regular January term, 1921, to commence on January 3, 1921.

On December 28, 1920, defendants in the case below, petitioners in this case, filed their motion or application for change of place of trial from Ringgold County to Union County, under Subdivision 6 of Section 3505 of the 1913 Supplement, on the ground that the note sued on was fraudulent in its inception and without consideration, and that their signatures were procured thereto by false and fraudulent representations. Resist-

ance was made to the motion, and the motion, with resistance thereto, was submitted to the court; and on December 30th, the court ruled, refusing to grant change of place of trial, basing the ruling upon the fact that the case had been continued over the August term and over the November term, before the application for a change of place of trial was filed.

The ground of the application for a change of place of trial is found in Subdivision 6 of Section 3505, Code Supplement, 1913, which was made a part of such section by the Acts of the Thirty-third General Assembly. Prior to the enactment of this amendment to Code Section 3505, we have, on numerous occasions, been called upon to construe its provisions in connection with Code Section 3506. Section 3506 limits the time within which application should be filed. In every case where provisions of Code Section 3506 have been urged against the granting of the change, we have held that, if the case had been continued after the grounds of change were known to the party asking the change, the change would be refused. The provisions of Code Section 3506 are plain, and provide that no change shall be granted after a continuance, the wording being:

"Nor shall such application be allowed after a continuance."

In *Dean v. White & Haight*, 5 Iowa 266, a change was refused because the motion was not filed until after a continuance had been granted. The holding in that case was based on the language in the case of *Wright v. Stevens*, 3 G. Greene 63, in which we said:

"If the facts upon which his application was based existed at the first term, and were known to him, his application should have been made at that term. If they had come to his knowledge since the first term, or did not exist at that time, that should have been stated as an excuse for not having previously made the application."

These cases have been followed in many cases since. *Finch v. Billings*, 22 Iowa 228; *McCracken v. Webb*, 36 Iowa 551; *Petty v. Hayden Bros.*, 115 Iowa 212; *Hamill v. Schlitz Brewing Co.*, 165 Iowa 266.

The answer of defendants below, filed on September 18, 1920, which was prepared and sworn to on August 17, 1920,

shows that defendants then knew of the fraud pleaded as a ground of change of venue. If the application for a change of venue had been made at the time of filing answer in the case, and before a continuance had been granted, the court would have had no discretion in the matter, and the change would have been granted, on the filing of the bonds as required by statute, Code Section 3505. *State ex rel. Erdahl v. District Court,* 189 Iowa 1167.

*Hamill v. Schlitz Brewing Co.,* supra, was decided after Subdivision 6 was added to Section 3505. If there was any intention that Code Section 3506 should not apply when the ground of the change was based on Subdivision 6, the legislature has not so said by enactment, and we have not so construed the same. There is no reason, that we see, why the provisions of Code Section 3506 do not apply to Subdivision 6 of that section.

In the instant case, the fraud relied upon was known by petitioners on the second day of the first term at which they were required to appear, as shown by their answer, signed and verified by them on that date, and later filed in the case. Two continuances having thereafter been had in the case, before the motion was filed for a change, we are of the opinion that the court had no discretion whatever in the matter, and that petitioners, defendants below, waived their right to a change. They had an absolute right to the change if application had been made in time, but the plain provisions of Section 3506 apply, and could not be ignored.

Petitioners urge that, if Section 3506 should be held to apply, which they contend does not apply, then the plaintiff Bert Teale had failed to file a reply to defendant Bilbo's answer, so as to make up the issues which were necessary to secure a change under Section 3506; that, until a reply was filed, it could not be known whether the case would ever come to trial, or that petitioners would then desire a change; and that the continuances had in such case were not such as contemplated by Section 3506, but were after the issues had been made up. This position is not well taken. The plaintiff Teale might have filed a reply, but it was not necessary, to make up the issues. Denial of the

2. PLEADING: answer: statutory denial.

allegations in the answer furnished by statute made up the issues. The change of place of trial applied for by petitioners was rightfully refused.

The proceedings of the district court must be and are affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.