FIRST NATIONAL BANK OF IOWA FALLS, Petitioner, v. DISTRICT COURT OF HARDIN COUNTY et al., Respondents.

**VENUE:** Change of Venue—Conditions—When Issues "Made Up."
1 Issues are made up, within the meaning of Sec. 3506, Code, 1897, governing changes of venue, whenever all motions, demurrers, and preliminary pleas are out of the way, and a pleading is filed which tenders an issue for trial. So held where the record revealed the filing of a general denial, and later, the filing of an amended and substituted answer.

**VENUE:** Change of Venue—Conditions—When Continuance No Bar.
2 A party sued on a written contract, in a county other than that of his residence, and joining issue under general denial, may, *notwithstanding continuances of the cause*, later have, on motion, a change of venue to the county of his residence, upon pleading fraud in the inception of the contract, when the facts relative to said fraud were not sufficiently known to him to be properly pleaded *at the time of said former continuances*, but were promptly pleaded as soon as known.

*Certiorari to Hardin District Court.*—R. M. WRIGHT, Judge.

APRIL 4, 1922.

CERTIORARI to review the action of the district court of Hardin County in sustaining an application for a change of place of trial.—*Dismissed.*

*Bryson & Bryson*, for petitioner.

*Mallory & Leming*, for respondents.

FAVILLE, J.—I. On January 7, 1921, the First National Bank of Iowa Falls filed its petition in the district court of Hardin County, Iowa, in an action against one J. G. Freese. The petition was in the usual form of a suit on a promissory note, and a copy of the note sued on was attached to the petition. By its terms, the note was made payable at Iowa Falls, Iowa.

On the 5th day of March, 1921, the said defendant, Freese,

appeared by his attorneys and filed an answer in said cause, which answer was a general denial. The cause was not brought to trial at the then pending term of said court, but was continued. A trial notice was filed for the next succeeding term of court, which convened on April 11, 1921. The cause, however, was not brought on for trial at said term, but stood upon the issues as so made up, and was again continued. A trial notice was also filed for the next succeeding term, which convened August 29, 1921.

At said term, and on the 6th day of September, 1921, the defendant filed a motion for leave to file an amended and substituted answer, which was granted. The defendant filed an amended and substituted answer, alleging, among other things, that the note sued upon was given in renewal of an original note of like amount, and alleging that the said original note was obtained from the defendant by fraud and by false and fraudulent representations, the character of which were specified and set out in said pleading.

The defendant also, at the time of filing the said amended and substituted answer, filed an application for a change of the place of trial of said action, making the necessary averments therefor under the provisions of Paragraph 6 of Section 3505 of the Code Supplement of 1913.

The plaintiff in said action filed a resistance to the application for leave to file the amended and substituted answer, and also moved to strike the said amended and substituted answer, and filed a resistance to the application for a change of the place of trial.

The court ordered that the place of trial of said cause be changed from Hardin County, Iowa, to the district court of Wright County, Iowa, upon the giving of bond, as required by statute. The plaintiff in said action instituted this proceeding in certiorari in this court, to review the action of the district court in granting said change of place of trial.

The case turns upon the construction to be placed upon Paragraph 6 of Section 3505 of the Code Supplement of 1913, in connection with Section 3506 of the Code. Paragraph 6 of Section 3505, Code Supplement, 1913, provides in part as follows:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

Code Section 3506 is as follows:

"The application for a change of place of trial may be made either to the court or to the judge in vacation, and if made in term time shall not be awarded until the issues are made up, unless the objection is to the court, nor shall such application be allowed after a continuance, except for a cause not known to the affiant before or arising since such continuance, and after one change no party is entitled to another for any cause in existence when the first was obtained."

These two sections must be construed together. We have quite recently held that, where a defendant properly brings himself within the provisions of Paragraph 6 of Section 3505, Code Supplement, 1913, the granting of a change of place of trial is not discretionary, but mandatory. *State v. District Court of O'Brien County,* 189 Iowa 1167.

We have also recently held that Section 3506 applies where the application for a change of place of trial is predicated upon the right granted under Paragraph 6 of Section 3505, Code Supplement, 1913. *Bilbo v. District Court of Ringgold County,* 192 Iowa 1246.

In the instant case, there can be no question that the amended and substituted answer filed by the defendant was sufficient to comply with the requirements of Paragraph 6 of Section 3505 of the Code Supplement of 1913; therefore, it was mandatory upon the district court to grant the application for a change of place of trial, unless, by virtue of the provision of Section 3506, the defendant, at the time of applying for such change of place of trial, was not in a position to demand such change.

Code Section 3506 is a limitation upon the power of a court to grant a change in any case. Such limitation applies

in two instances where the application is made in term time:

1. VENUE: change of venue: conditions: when issues "made up."  First, the change shall not be awarded until the issues are made up, unless the objection be to the court; second, the application shall not be allowed after a continuance, except for a cause not known to the affiant before, or arising since, such continuance.

The first requisite is that the issues shall be made up before the application for a change of venue can be considered by the court. The court shall not grant the change until the issues have been finally settled, after all dilatory or preliminary pleas have been disposed of, and it is apparent from the pleadings what questions are for determination in the case.

It may well be said that the issues were made up in the first instance when the defendant filed his answer tendering a general denial in the case. Had defendant's plea of fraud been presented at that time in the answer, and an application been made for a change, the court could properly have granted it, because it was not presented *before* the issues were made up. The fact that defendant subsequently filed an amendment or an amended and substituted answer did not "unmake" the issues. All that the statute requires in this regard is that a change of venue shall not be granted until *after* motions, demurrers, and preliminary pleas are disposed of, and a pleading is filed which tenders an issue for trial.

Undoubtedly, under our practice, either party could amend his pleadings after the change was granted, and in the court to which the cause was transferred for trial. All that the statute contemplates in this regard is that the application for a change shall not be made while preliminary pleas are pending, nor until, upon the face of the record, the issues have been made up.

In the instant case, the petitioner is in no position to urge that the statute was not complied with in the particular under consideration. The issues were made up before the application for a change was filed. The change was not granted while preliminary pleas were pending. On the face of the record, the issues had been settled. This is what the statute requires before a change can be considered by the court. This had been done.

II. A much more difficult question confronts us in inter-

preting the clause in the statute providing that the application
shall not be "allowed after a continuance, except for a cause
not known to the affiant before or arising since
such continuance."

2. VENUE: change
of venue: con-
ditions: when
continuance no
bar.

The continuance herein referred to must
be a continuance that was had after the party applying for a
change of venue became entitled to so apply for such change.
It certainly would be an unwarranted construction of the statute
to hold that a continuance of a case before a party had any
right to a change should *ipso facto* defeat such party of a right
which was not then existing, and which subsequently arose.
This would be barring a party from the exercise of a right in
advance of the existence of such right.

The statute recognizes that a continuance shall not bar a
party from subsequently applying for a change of venue where
the cause which is made the basis for such change was not known
to the applicant therefor before the continuance was had, and
also where the cause which is the basis for the change has arisen
since the continuance. The purpose of the statute is obvious.
It is to prevent a party who, under the law, is entitled to a
change of place of trial, from withholding his application
therefor and permitting the case to be continued in the court
where it was originally brought.

In the instant case, if the defendant had tendered the issue
of fraud in the inception of the note at the appearance term,
but had filed no application for a change of venue until the
third term thereafter, and after two continuances of the case,
he could not then apply for such change. *Bilbo v. District Court
of Ringgold County,* supra.

In the instant case, however, the defendant was in no posi-
tion to ask for a change of venue until he filed his amended
and substituted answer, which first tendered the issue of fraud
in the inception of the note. There was no continuance there-
after. He moved promptly and expeditiously for the change,
as soon as he was entitled to it on the record. This, however,
is not saying that the defendant could intentionally and with-
out lawful excuse withhold pleading the defense of fraud after
he was advised of facts making the defense available, and per-
mit a continuance of the case. It is for the trial court to de-

termine from the facts presented to it whether the applicant for a change is barred of a right thereto because the ground on which the application is based was known to the applicant before a continuance had been had in the case. In other words, it is for the court to determine, from the face of the record or from proper proof, whether the applicant for a change of venue after a case has been continued, has waived his right to ask for such change. It may well be, and in fact the record (which is somewhat meager in this regard) tends to show, that the facts justifying the defendant in pleading the defense of fraud in the inception of the note sued upon were not sufficiently known to the defendant until after the continuances referred to, and until at or about the time of filing the amended and substituted answer. If so, the fact of the previous continuances did not bar the defendant from asking for a change of venue, after this defense first became available to him. He had not waived his right to a change by a continuance or otherwise, after he first became entitled to ask for such change. It was the duty of the trial court to ascertain from the facts whether defendant was barred by the statute from asking for a change when he first tendered the issue showing a right to such change. The resistance to the application for a change was on the sole ground of the previous continuances of the cause. As previously stated, such continuances did not *ipso facto* deprive the defendant of his right to a change that was first available to him after the continuances had been granted.

We fail to find from the record that the defense of fraud in the inception of the note was available to the defendant until after the continuances had occurred. The record tends to sustain the contrary.

It is not necessary that we place a construction upon the word "continuance," as used in the statute under consideration in this case. Under our statutes, all cases not disposed of are "continued" by adjournment of the term, as a matter of law. A party plaintiff may, under the statute, have a case "continued" for the purpose of bringing in parties defendant who have not been served with notice. A plaintiff may also, by motion, secure a continuance, without the consent and even over the objection of the defendant in the action. In the instant case,

we make no pronouncement on the question as to whether or not "continuances" of the character referred to bar a defendant, under the statute under consideration, from filing an application thereafter for a change of venue.

We therefore reach the conclusion that the trial court did not act illegally in granting the application for a change of venue, and this proceeding in certiorari is, therefore,—*Dismissed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.