BURTON RUSSELL, Petitioner, v. DISTRICT COURT OF LINN COUNTY et al., Respondents.

**VENUE:** **Change of Venue—Forfeiture.** A nonresident defendant may not take a change of venue from a superior court to the district court of the same county and later have a change of venue to the county of his residence on the ground of fraud in the inception of the contract.

*Certiorari to Linn District Court.*—F. L. ANDERSON, Judge.

JUNE 22, 1923.

THIS is a proceeding in certiorari, originating in this court and directed to the district court of Linn County, whereby the petitioner challenges the legality of a certain order made by the said district court in a certain action pending before it, entitled Keith Vawter v. Burton Russell. The petitioner herein was the defendant in that action. He moved for a change of venue in that action to the district court of Dallas County. In the district court, F. L. Anderson, judge, respondent herein, denied the motion, and retained jurisdiction over the petitioner as defendant in such action. Such was the order which is now challenged.—*Affirmed.*

*Harland C. Robbins, Burton Russell,* and *David H. Miller,* for petitioner.

*C. F. Clark* and *Floyd Philbrick,* for respondents.

Evans, J.—The action by Vawter in the district court was upon a written contract payable in Linn County. The petitioner is and was a resident of Dallas County, Iowa. Pursuant to Subsection 6 of Section 3505, Code Supplement, 1913, the petitioner filed an answer in the Vawter suit, purporting to allege fraud in the inception of the contract, constituting a complete defense thereto. Predicated upon such answer, and upon the fact of his residence in Dallas County, he presented his application for a change of venue to that county. The resistance to such application was predicated, in substance, upon the following facts:

The Vawter suit was brought originally in the superior court of Cedar Rapids, and not in the district court. The petitioner appeared therein as defendant, and filed an application for a change of venue from the superior court to the district court of Linn County, on the ground that he was a nonresident of the city of Cedar Rapids. His application was sustained, and the cause was sent to the district court of Linn County, in due form, on October 10, 1922. This was during the September term of the Linn County district court, which term expired on October 25th. On October 17th, the petitioner, as defendant, filed a substituted answer, setting up the alleged fraud in the inception of the contract. The November term of the district court convened on November 6th. On November 21st, the plaintiff filed his application in the district court of Linn County for a change of venue to Dallas County, as already indicated.

Upon these facts, the grounds of resistance stated were:

1.  That the application was not timely, in that it should have been made either in the superior court or in the district court during the first term, and before any continuance.

2.  That it should have been made in the first instance in the superior court, if at all; that, when the petitioner appeared in the superior court, he was entitled to only one change of venue for any cause then known to him; that, having applied for and obtained a change of venue from the superior court to the district court of Linn County, he could not thereafter ask a second change of venue to some other county, except for a cause not known to him at the time the first change was allowed.

3.  That the answer filed by the petitioner as defendant

did not sufficiently plead facts showing fraud in the inception of the contract.

If any one of the foregoing grounds be valid, we have no occasion to consider the others. We are disposed to give our first consideration to the second ground above stated. The powers and functions of the superior court are defined in Chapter 6 of Title III, Code Supplement, 1913. Section 261 thereof provides as follows:

"Sec. 261. Changes of venue may be taken from said court in all civil actions to the district court of the same or another county, in the same manner, for like causes and with the same effect as the venue is changed from the district court."

The rules governing change of venue in the district court are contained in Chapter 5, Title XVIII, Code Supplement, 1913. The petitioner's application was predicated upon Subsection 6 of Section 3505. Section 3506 of the Code, 1897, provides:

"Sec. 3506. * * * And after one change no party is entitled to another for any cause in existence when the first was obtained."

The same section provides that there shall be no change of venue after a continuance, except for a cause unknown to the applicant prior to the continuance. The manifest purpose of these restrictions of the statute is to forbid that applications for changes of venue shall become a means of dilatory procedure.

That the superior court of Cedar Rapids had the same power to order a change of venue to Dallas County that the district court had, is not denied by the petitioner. Such power is clearly conferred by Section 261, above quoted. When the petitioner appeared in the superior court, he had a right to demand a change from such court either to the Linn district court or to the Dallas district court. Under Section 3506, he was entitled to *one* change only, for any cause then known to him. He chose to ask for a change to the Linn district court. Thereafter, he applied for a second change from the Linn district court to the Dallas district court. We see no escape from saying that he was barred from such second change by the express provision of Section 3506; nor can we conceive of any reason inhering in fair practice why a litigant should ask for a change of venue

to Linn County when his ultimate objective was to obtain a change of venue to Dallas County. The only reason suggested by the petitioner in his brief is that, in order to obtain a change of venue to the Linn district court, he had to ask for it *before* filing his answer; whereas, in order to obtain a change to Dallas County, he had to file his answer before making the application. But the conditions for the granting of a change to Dallas County were precisely the same in the superior court as they were in the Linn district court. The petitioner had no reason whatever to consider the conditions necessary to obtain a change to the Linn district court unless such court was the final objective of his application. To sanction the circuity of this procedure would be to ignore the emphatic provisions of the statute and to lose sight wholly of its salutary objective. The course adopted by the petitioner was clearly dilatory, even though it may not have been so intended by him.

This provision of the statute has had our consideration in the following cases: *State v. District Court of O'Brien County,* 189 Iowa 1167; *Bilbo v. District Court of Ringgold County,* 192 Iowa 1246; *First Nat. Bank v. District Court of Hardin County,* 193 Iowa 561.

Much of the discussion in the cited cases is applicable here. We have no occasion to repeat it. We are convinced that the order of the district court was proper on the ground here indicated. We have no occasion, therefore, to consider the other grounds stated. The petition is, accordingly, dismissed, and the order of the trial court is affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.