LYMAN & CO. v. BECHTEL & ROSS ET AL.

1. **Practice:** ORIGINAL NOTICE: DEFAULT. An original notice, which required the defendants to appear and "answer" on or before a certain day, was held sufficient to support a default entered for want of appearance.

2. **Evidence:** BOOKS OF ACCOUNT. Books of account are not admissible in evidence to prove a special contract, or the advance of money or delivery of goods under such a contract, nor to show the payment of money to third parties.

*Appeal from Story Circuit Court.*

SATURDAY, DECEMBER 18.

THE plaintiff is a copartnership doing business as live stock commission merchants, at Union Stock Yards, Illinois. The defendants were partners doing business in buying and shipping live stock in Story county, Iowa. On the 25th of March, 1880, the plaintiffs filed their verified petition, claiming of the defendants a balance due as upon account.

Attached to the petition is an exhibit showing the furnishing of various sums of money to the defendants, amounting in all to $36,382, the shipments of cattle and hogs by defendants, amounting to $35,255.14, and the payment of $65 in cash, leaving a balance due plaintiffs of $1,061.86. The notice required the defendants to appear and answer on or before noon of the 6th day of April, which was in vacation.

On April 6th, at 1:30 P. M., a default was entered against the defendants, they having failed to appear. After the default was entered, at two o'clock P. M. of the same day, the defendants filed a motion for a more specific statement. On the 7th of April the defendants filed a motion to set aside the default, and for leave to file a motion for a more specific statement. The parties, by stipulation, submitted the motion to the judge in vacation, and, on the 16th day of April, it was overruled.

On the 27th day of April, 1880, it being the second day of the regular April term, the cause came on to be heard upon the petition and the exhibit thereto attached, no other evidence being offered by the plaintiffs, and judgment was entered for the plaintiffs for $1,061.86.   The defendants appeal.

*L. Irwin*, for appellant.

*F. D. Thompson*, for appellee.

DAY, J.—I. Rules of the court provide that the defendant shall answer in vacation after notice, unless motion or demur-
1. PRACTICE: rer be filed, and that default may be entered by
original no-
tice: default. the clerk in vacation, upon notice, as at term unless the defendant shall make defense.   Section 180 of the Code provides that the district and circuit judges may, by general rule, provide that the time of filing pleadings or motions shall be other than provided in the Code, and that issues shall be made up in vacation, and may adopt such other rules as they deem expedient, not inconsistent with the Code.   The original notice in this case concludes as follows: "And unless you appear thereto, and answer on or before noon of the 6th day of April, 1880, your default will be entered by the clerk and at the next April term, 1880, of said court, which will commence on the 26th day of April, A. D. 1880, will prove said claim against you, and judgment rendered thereon."   It is claimed that no default could properly be entered in this case, because the notice limits the rights of the defendants to the filing of an answer.   The notice should inform the defendant that default will be entered against him unless he appears and defends.   Code, § 2599.

The appellant construes the word answer, used in this notice, in its technical sense of filing an answer, as distinguished from a demurrer or a motion.   We think, however, that as used in this connection the word means to respond in any manner, either by motion, demurrer or answer.   The defendants were

advised, both by the law and by the rules of the court, that no default could be entered against them if they appeared within the time prescribed, and filed a motion or a demurrer. They could not have been misled by the notice, and they should have appeared within the time limited and responded in some manner.

It cannot be held that the notice is insufficient to confer upon the court jurisdiction of the case. The default was properly entered.

II. The default being properly entered it could not be set aside without the filing of an affidavit of merits. Code, § 2871. No affidavit was filed. There was, therefore, no error in overruling the motion to set aside the default.

III. The plaintiff introduced no evidence in support of his claim. Chapter 36, acts of Sixteenth General Assembly,

2. EVIDENCE: books of account. provides: "That in all actions for money due upon an open account when the defendant has been personally served with the original notice therein, and the petition is duly verified, and when a bill of particulars of said account is incorporated into or attached to the petition, if the defendant makes default, or fails to controvert or deny the same or any of the items thereof by pleading duly verified, the account, or so much thereof as is not so controverted or denied, shall be taken as due and admitted." It is insisted by the appellants that this action is not properly on account, and this provision of the statute is not applicable.

The whole subject of the admissibility of books of account to prove the charges made therein was very fully considered in *Veiths v. Hagge*, 8 Iowa, 163 (183). See, also, *Young v. Jones*, 8 Id., 219; *Cummings v. Hull's Adm'r*, 35 Id., 253; *Karr v. Stivers*, 34 Id., 123; 1 Greenleaf on Evidence, section 118 and notes. The rule deduced from these authorities is that books of original entries are not admissible for the purpose of proving the payment of money, unless the payment of money comes within the ordinary business

of the party on whose behalf books are offered. The petition alleges that the plaintiffs are in business as live stock commission merchants. As the defendants are in default, it may be assumed, because of the provisions of chapter 36, laws of 1876, that the payment of plaintiffs for the stock shipped to them, and sold on commission, comes within the ordinary course of plaintiffs' business.

There is in this State no limitation, as in some states, of the amount of the charges of money paid which may be proved by the party's books of account. It may, perhaps, be conceded that most of the charges entered upon plaintiff's books are, under our statutes, proper subjects of book account. The petition alleges that the defendants entered into a verbal agreement with the plaintiffs, wherein the defendants were to ship their live stock to the plaintiffs, in consideration of which plaintiffs were to advance to defendants moneys on said shipments before the arrival of stock.

The first specification contained in plaintiffs' petition is as follows: October 16, 1879, plaintiffs advanced to defendants by express, pursuant to said agreement, $1,200. This was before the plaintiffs, as shown by the books, received the proceeds of any shipments made by the defendants. Books of account have been held inadmissible to prove a special agreement, or a delivery of goods under such agreement. *Pritchard v. McOwen*, 1 Nott. & McC., 131; *Nickle v. Baldwin*, 4 Watts & Sug., 290; 1 Greenleaf on Evidence, section 118, note 1. We think this transaction cannot properly be proved by the plaintiffs' books. This one item is larger than the balance claimed by plaintiffs.

The following specifications also appear in plaintiffs' petition: October 22, 1879, plaintiffs, upon the order of defendants, paid W. K. Boardman $135. December 29, 1879, plaintiffs paid to defendants $20, on order to Eastman. February 5, 1880, plaintiffs paid defendants $400, by order to S. C. Horton. These items, we think, were not provable by the books. Account books are not admissible to prove the

delivery of goods to a third person.  *Kerr v. Love*, 1 Wash.,
172;  *Mitchell v. Belknap*, 10 Shepl., 475.   Another specifi-
cation in plaintiffs' petition is as follows: " October 22, 1879,
defendants, by verbal agreements, assumed and agreed to pay
plaintiffs a balance due from Bechtel & Beckley of $359.34,
which was.October 22, 1879, charged to defendants by their
consent, defendants then (at formation of defendants' firm)
receiving from Bechtel & Beckley stock on hand."  It is very
clear that this item is not the proper subject of account.   It
does not fall within the principle of any of the authorities
holding books of account admissible in evidence.   It is not a
charge for goods sold and delivered, nor any money paid, but
simply the entry of an agreement of the defendants to pay a
balance due from other parties.   If these items of account
had been rejected, there could have been no judgment in
favor of plaintiffs.

REVERSED.