## TEMPLIN v. ROTHWEILER ET AL.

1. **Practice:** ACTION ON WRITTEN INSTRUMENT: DENIAL. In an action on a written lease, which was set out in the petition, and the execution of which was not denied under oath, it was held erroneous to submit the question of its execution to the jury.

2. **Instruction:** APPLICABILITY TO EVIDENCE. An instruction held erroneous, as not warranted by the evidence.

### *Appeal from Johnson District Court.*

### SATURDAY, JUNE 11.

ACTION upon a lease, by the terms of which the plaintiff leased to the defendants for three years certain real estate, on which there was an orchard, shrubbery, etc. The defendants bound themselves to trim and prune at the proper time each year, and take proper care of the fruit trees, shrubbery, hedge etc. Also to gather apples and other fruits at the proper time, and deliver to the plaintiff two-thirds of the apples and one-half of the small fruits. The defendants further bound themselves to "put in in the fall of 1876 one-half acre of concord grapes on the premises, the place to be selected by defendants." Performance on his part by the plaintiff was alleged and that defendants had failed to perform on their part. The defendants denied the contract, and denied they had failed to perform the same. The defendants also pleaded the "contract was mutually abandoned, and defendants released from responsibility thereon. "That as to the failure to deliver fruit, and all other failures, plaintiff excused the same at the time the plaintiff and the defendants settled all other matters, before the commencement of this suit.

Trial by jury, verdict and judgment for the defendants and plaintiff appeals.

*G. A. Ewing,* for appellant.

No argument for appellees.

SEEVERS, J.—I. The lease was in writing and its execution was not denied under oath. It was introduced in evidence without objection, and there was no evidence tending to show it had not been executed by the parties. The court instructed the jury that: "The plaintiff must satisfy you by a preponderance of evidence that the contract described and set out in the petition was executed, and unless you are so satisfied your verdict will be for defendants." As the contract was not denied under oath, and there was no evidence tending to show it had not been duly executed, its execution should have been regarded as admitted, and the jury so instructed. Instead of so doing, the question whether the contract had been executed was submitted to the jury. The action of the court in this respect was erroneous; whether it was prejudicial is not determined.

*1. PRACTICE: action on written instrument: denial.*

II. The plaintiff introduced evidence tending to show the defendants had in several respects failed to perform the contract on their part. The defendants gave evidence tending to show the contract was abandoned and the plaintiff took possession of the premises in the spring of 1877. The evidence also tended to show the defendants made a contract to purchase the plaintiff's share of the apples produced in the year 1876. This statement may not be entirely correct, but it will be so conceded for the purposes of the case.

*2. VERDICT: applicability to evidence.*

The court instructed the jury if the "loss of the plaintiff has been fully settled and paid for, or that the performance of the contract was excused by the plaintiff, or by mutual consent abandoned by the parties, or that the plaintiff waived the performance of the contract, then your verdict will be for the defendants."

This instruction is erroneous in this, there was no evidence tending to show that damages caused by any of the alleged breaches was settled, or in any manner adjusted or the per-

formance thereof excused, unless it was in relation to the apples, and this we think was a debatable question.

Conceding there was evidence tending to show the contract was by mutual consent abandoned, this only applied to the future, and had no tendency to show the damages caused by past breaches had been settled, or that such breaches had been excused or released.

The question asked the witness Howard was, we think, improper, and therefore the objection thereto was properly sustained. No other alleged error than those considered will probably arise on the re-trial.

REVERSED.