Converse Rubber Shoe Company, Appellant, v. Sol Rozen, Appellee.

**PLEADING:   Action on Open Account—Presumption from Verification.**
1   A *verified* petition, in an action on open account, accompanied by a bill of particulars, precludes a directed verdict in favor of a defendant who stands on a sweeping *unverified* denial.

**EVIDENCE:   Competency—Value not Provable by Ex-Parte Order.**
2   *The value of goods* may not be proven by a written order made out by a salesman after obtaining an oral order.

*Appeal from Cedar Rapids Superior Court.*—A. B. Clark, Judge

January 10, 1922.

Action at law to recover on open account the value of goods and merchandise sold by plaintiff to defendant. At close of plaintiff's testimony defendant moved for a directed verdict in his favor. The trial court sustained the motion and entered judgment against the plaintiff for costs. Plaintiff appeals.— *Reversed.*

*H. C. Robbins,* for appellant.

*Crissman & Linville,* for appellee.

De Graff, J.—Plaintiff in its verified petition alleged that it sold and delivered to the defendant at his instance and request certain goods and merchandise as shown by a bill of par-

1. PLEADING:
action on open
account: pre-
sumption from
verification.

ticulars attached to the petition and made a part thereof; that the price and values of the merchandise as disclosed therein are the reasonable prices and values of the merchandise so sold and delivered, and that there is still due the plaintiff after deducting certain cash credits and merchandise returned the sum of $178.01. Defendant in an unverified answer denied both generally and specifically every material allegation contained in said petition and further denied that he is indebted to the plaintiff in any sum whatever.

Upon the conclusion of plaintiff's testimony defendant moved for a directed verdict and as primary grounds therefor alleged that the testimony failed to show that the defendant is indebted in any sum to the plaintiff and that there is no evidence upon which the jury could return a verdict in favor of the plaintiff. This motion was sustained by the trial court and error is predicated on the ruling.

Did plaintiff establish a prima-facie case when it rested? Under the statute and the pleadings herein we answer in the affirmative. Code Section 3624 provides:

"In all actions for money due upon an open account, * * * and the petition is duly verified, and where a bill of particulars of said account is incorporated into or attached to the petition, if the defendant * * * fails to controvert or deny the same or any of the items thereof by pleading duly verified, the account, or so much thereof as is not so controverted or denied, shall be taken as true and admitted."

This is a companion statute to Code Sec. 3640. The legislature intended to put written instruments and open accounts properly pleaded on the same footing, and require denial under oath or the instrument is taken as "genuine and admitted" and the account as "true and admitted." See *Templin v. Rothweiler*, 56 Iowa 259.

The items of account as pleaded are clearly provable by plaintiff by its books of original entry. *Lyman & Co. v. Bechtel & Ross*, 55 Iowa 437. Plaintiff having pleaded in conformity to the provisions of this statute is entitled to the benefits thereof, and the defendant is put upon his proof. Defendant having failed to conform by filing a verified answer controverting the

account as pleaded, the account "shall be taken as true and admitted." This means admitted as true on the part of the defendant. Had plaintiff before trial moved for judgment on the pleadings, the court unless defendant verified his answer would have been justified in entering judgment.

The evidence in the instant case discloses that the. plaintiff through C. B. Collins, its commercial agent, received an oral order from the defendant on September 30, 1918 for 60 pairs of rubber shoes or "arctics" and that the same were shipped by the plaintiff to the defendant; that the plaintiff and defendant had had prior business transactions of like character; that at the time the last order was given plaintiff's salesman wrote the order in his pocket order book and gave to the defendant a duplicate copy thereof on which was written a guaranty of the quality of the goods to be shipped; that on the evening of the day that the order was given to Collins by the defendant the salesman prepared a memorandum order known as Exhibit A which was sent to the plaintiff company and upon which order the goods were subsequently shipped. Exhibit A is the customary order used by traveling salesmen containing date, order number, salesman's name, directions as to shipment, description of the goods to be shipped, and the amount sold with price. This particular order was identified by plaintiff's salesman and the circumstances surrounding its making were explained by him. True the defendant was not present at the time the order was prepared and was not acquainted with its contents until first seen by him upon the trial of this case. It was, however, in conformity to the oral order given by the defendant for the goods subsequently delivered.

2. EVIDENCE: competency: value not provable by ex-parte order.

Plaintiff after identifying the order offered it in evidence, but upon the objection of the defendant that it was incompetent and immaterial the court refused its admission. If the sole purpose of the introduction of the order was to establish the reasonable value of the goods in question, the ruling of the trial court is correct. It cannot be claimed that a mere recital of value in an order of this character would be binding upon a vendee in the absence of proof that the value as shown therein is the rea-

sonable value of the goods at the time in question, or the agreed price at the time of sale.

The court erred in sustaining defendant's motion for a directed verdict and therefore this cause is—*Reversed and remanded.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.