WINNESHIEK COUNTY STATE BANK, Petitioner, v. WINNESHIEK DISTRICT COURT et al., Respondents.

**VENUE:** **Fraud in Inception of Contract.** Defendant's right to a change of venue for fraud in the inception of the contract sued on, accrues upon the filing of an answer as required by the statute, even though the answer may be subject to a motion for more specific statement.

*Certiorari to Winneshiek District Court.*—JAMES D. COONEY, Judge.

APRIL 1, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

PROCEEDINGS upon writ of certiorari, sued out by the plaintiff to test the legality of an order by the district court for a change of venue under the provisions of Subsection 6 of Section 3505, Code Supplement, 1913. Writ dismissed, and order of the district court is affirmed.—*Affirmed.*

*C. S. Boice* and *E. R. Acres,* for petitioner.

*William S. Hart,* for respondents.

EVANS, J.—The plaintiff brought action in Winneshiek County against the defendants upon two promissory notes. The defendants filed a sworn answer, averring therein that the notes were obtained by false and fraudulent representations, and without consideration; that the defendants were and are residents of Allamakee County. Upon the filing of such answer, they filed also an application for change of venue, under the provisions of Subsection 6 of Section 3505, Code Supplement, 1913. The answer disclosed further that the notes in suit were renewal notes given for previous notes, and that the original fraud was perpetrated upon the defendants in the obtaining of such notes, and that the plaintiff's officers were parties to the fraud; that the only consideration for such notes was the sale of worthless corporation stock, which was returned by the defendants as soon as they discovered the fraud; that such discovery of fraud was subsequent to the giving of the renewal notes; that the renewal notes were obtained by the plaintiff by repetition of the same false representations which induced the defendants to sign the original notes. Upon the filing of such application, the plaintiff filed the following objection thereto:

"Comes now the plaintiff and objects to the motion for change of venue herein filed by the defendants, on the ground that the issues in this action are not made up, as will more readily appear by reference to the files in said action."

At the same time, the plaintiff filed a motion to strike, and for more specific statement. On the following day, it filed an amendment to such motion. Two weeks later, the court sustained the plaintiff's motion and amendment in part, and overruled it in part. Thereupon, on the same day, the defendants amended their answer to conform to the ruling of the court. Thereupon also, on the same day, the court entered an order granting the change of venue "upon the giving of a bond by defendants, as required by statute." This is the order challenged by the writ of certiorari. The argument for the petitioner challenges the order of the court on various grounds: (1) That the court failed to fix the amount of the bond; (2) that the defendants had filed no bond; (3) that a later order made by the judge in vacation, fixing the amount of the bond,

was invalid; (4) that the section of the statute under which the change was granted is not applicable to a renewal note given in lieu of the original note; (5) that the order was premature, in that the issues had not been made up; that it was precipitate, in that it deprived the plaintiff of the statutory time to assail the amendment to the answer; (6) that the plaintiff's motion to strike and for more specific statements should have been sustained *in toto,* and that the court erred in overruling a part thereof.

We have set out above the actual objection made by the plaintiff to the motion in the district court. It is not permissible to it to raise additional objections here. The objection filed was that the issues had not been settled. This was made under the provisions of Code Section 3506. Whether this section has any reference to mere motions to strike or to make more specific, we need not determine. The order granting the change of venue was not entered until the 15th day following the filing of the objection, nor until the court had ruled on the motion and amendment presented to its consideration by the plaintiff. If the plaintiff desired time to present further motions, it did not so indicate to the trial court. The case was at issue by petition and answer. It was no less so because the answer was still subject to motion by the plaintiff. That right on proper grounds will continue throughout the pendency of the case in one or the other venue.

No other question is properly before us. If the court erred in overruling in part the plaintiff's motion, such ruling is not reviewable here on a writ of certiorari. If there is any defect of procedure by reason of failure of the court to fix the amount of the bond tendered by the defendants in their application, no objection was raised thereto in the district court. If the bond is inadequate or its validity questionable, the plaintiff has an adequate remedy by application to the district court in one or the other venue. Perhaps we ought to add, in the interest of future expedition of the trial, that we see little merit in the complaint lodged against the bond or the order fixing the amount

thereof. The order of the district court is, accordingly, affirmed. —*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.