GUY DEVORE, Petitioner, v. MUNICIPAL COURT OF COUNCIL BLUFFS et al., Respondents.

**VENUE:** Change of Venue—Change to County of Defendant's Residence—Insufficient Pleading. In an action on a promissory note in the county where performable, a pleading by the defendant which asserts "that, because of fraud and misrepresentation in the inception of the contract, * * * this defendant has a * * * complete defense," and then proceeds to plead for breach of warranty in the goods for which the note was given, presents no sufficient showing for change of venue to the county of defendant's residence. (Sec. 11411, Code of 1924.)

Headnote 1: 40 Cyc. p. 127.

*Certiorari to Council Bluffs Municipal Court.*—DANIEL H. SHEEHAN, Judge.

JUNE 25, 1925.

PROCEEDING in certiorari to test the legality of the action of respondent court in refusing change of venue in an action brought against petitioner, defendant therein, in Pottawattamie County, petitioner being a resident of Cass County.—*Writ dismissed.*

*Meyerhoff, Gibson & Watts,* for petitioner.

*Kimball, Peterson, Smith & Peterson,* for respondents.

ARTHUR, J.—Petitioner, Guy Devore, was sued upon a promissory note for $80, by its terms made payable at Council Bluffs, Iowa, in Pottawattamie County. He filed answer alleging:

"That, because of fraud and misrepresentation in the inception of the contract upon which this action is brought, this defendant has a full and complete defense thereto. That the said written contract upon which this action is brought was given for the purchase price of certain stock powder or remedy which was represented and warranted and guaranteed to relieve and prevent hogs and other farm stock from having worm and other diseases, and to otherwise protect and improve the health of said animals; but that the same did in fact cause injury and death of a great many of the hogs and farm stock belonging to this defendant, and otherwise failed to perform and carry out the representations of the plaintiff and their agent. That because thereof this defendant lost by death 32 head of hogs, weighing between 120 and 160 pounds each, and of a total value of $184. That he further lost 2 pure-bred Shorthorn calves of a total value of $40."

Judgment was demanded for $224, with interest and costs. At the same time, he filed an application, accompanied with a sufficient bond, for change of venue to Cass County, the county of his residence, pursuant to the provisions of Subdivision 6 of Section 3505, 1913 Supplement (Section 11411, Code of 1924). The court entered an order setting the motion or application for change of venue down for hearing, and some ten days later it was submitted and overruled. In ruling, the court did not make any finding or specify any reason for refusing the change of venue, but simply overruled the application. Change of venue having been refused, defendant, petitioner here, instituted this proceeding. The statute applicable, Section 11411, Code of 1924, is as follows:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient

bond, may have such action transferred to the district court of the county of his residence.''

While, in ruling, the court did not give the reason for overruling the application for change of venue, obviously it was because the court regarded the answer insufficient, under the statute, in that it did not allege, or purport to allege, facts constituting fraud in the inception of the note. The defense pleaded is in the nature of breach of warranty. The counterclaim pleaded would seem to indicate a defense predicated on breach of warranty. Damages are alleged as for breach of contract of sale and demand for judgment in the amount thereof.

Counsel for respondent relies upon *State ex rel. Erdahl v. District Court,* 189 Iowa 1167, in support of their contention that, no attack having been made on the pleading by motion or demurrer, its sufficiency may not be challenged in this proceeding. In that case we said:

''Some attack is made by appellee upon the sufficiency of the answer set up by the relator. We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same. The sufficiency of the answer was in no manner attacked in the court below, and we think that the appellee should not be permitted to attack it indirectly by mere argument here, in the absence of attack below. The answer purported to set up the very defense described in Subdivision 6. It charged the fraudulent representations and purported to set the same out. Whether these allegations are sufficiently specific, or whether they charge legal conclusions to an undue degree, are proper questions for the consideration of the district court, upon the settling of issues. Without passing, therefore, upon the perfection of the answer as a pleading, or upon the question whether it is vulnerable to any attack, we only say now that it was sufficient, at least in the absence of attack, to entitle the relator to the change of venue asked for.''

We think such reliance not warranted. True, in that case, as in the one before us, no attack was made on the pleadings by motion or demurrer, and the court assigned no ground for denying the application. Concerning the answer in that case we said:

"It charged the fraudulent representations, and purported to set the same out."

We further said:

"The relator filed her answer, purporting, at least, to comply with the requirements of the statute, and setting forth the purported defense on the ground of fraud in the inception of the contract."

In the instant case, the pleading fails to allege the essential elements of a cause of action or defense based on fraudulent representations. It is not alleged that certain representations were made to Devore, and it is not alleged that he believed and relied upon any representations and was induced thereby to execute the note in suit; nor is it alleged that any representations made were false, and known to be false by someone who made them. In *State ex rel. Erdahl v. District Court*, supra, among other matters it is properly observed:

"We will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same. * * * Whether these allegations are sufficiently specific, or whether they charge legal conclusions to an undue degree, are proper questions for the consideration of the district court, upon the settling of issues."

In the case before us, it is not a question of whether or not the allegations of the answer are sufficiently specific to charge a defense based on fraudulent representations. The pertinent inquiry is whether or not the pleading purports to base a defense upon fraudulent representations. If it does not, but, on the contrary, pleads breach of warranty as a defense, the court below was justified in denying a change of venue. As before mentioned, we think it is a fair inference that change of venue was refused because the defense pleaded was not based upon fraudulent representations inducing the execution of the note in suit. The mere statement made at the beginning of the answer, "that because of fraud and misrepresentation in the inception of the contract," without attempting to allege the essential elements of an action or defense based on fraudulent representations, is not sufficient to require mandatory granting of change of venue, under the statute. We think that, under

the record presented in this case, the court did not act illegally in refusing change of venue; and this proceeding is dismissed. —*Writ dismissed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.