Ida M. Wright et al., Petitioners, v. Lester L. Thompson, Judge, Respondent.

No. 39919.

March 11, 1930.

*Milchrist, Schmidt, Marshall & Jepson,* for petitioners.

*Emmert, James & Needham,* for respondent.

Grimm, J.—In October, 1928, the Iowa Farm Credit Corporation filed a petition in the district court of Polk County, Iowa, asking judgment against the defendants below, Ida M. Wright and J. S. Wright, on two promissory notes, shown as Exhibits "A" and "B," attached to the petition. Each of said notes contain the provision, "payable at the office of the said corporation, Des Moines, Iowa." It appeared from the petition that the said defendants were residents of Woodbury County, Iowa.

On November 5, 1929, the plaintiffs herein (defendants below) filed a duly verified answer to the petition, in which they alleged, "as a complete defense thereto, the execution of the said instruments by these defendants was obtained by fraud, false representations, and deceit, and that the said instruments had their inception in fraud, as more particularly hereinafter

stated.'' The answer then sets out in detail the alleged fraud. This detailed description is followed with the words:

"That the defendants believed and relied upon the statements and representations of plaintiff, and executed the said instruments only because of their reliance upon said representations.''

The answer also sets out in detail the alleged falsity of the said representations, and specifically alleges that the said notes were without consideration.

At the same time, the plaintiffs herein filed a motion and application to transfer the said cause to Woodbury County, Iowa, their place of residence, pursuant to Section 11411 of the 1927 Code of Iowa, to which motion was attached the affidavit of defendants below, and an offer and tender of bond for costs.

On November 9, 1927, the plaintiff in the original action, Iowa Farm Credit Corporation, filed a resistance to defendants' motion for change of place of trial, setting up in said resistance that the answer filed by the defendants failed to plead fraud in the inception of the contract constituting a complete defense thereto, for the reason that the said answer did not allege that the defendants suffered any damage.

On November 13, 1928, plaintiffs herein amended their answer, and alleged specifically in said amendment that they had been damaged by reason of said fraud.

On November 16, 1928, plaintiff filed an additional resistance to defendants' motion for change of place of trial. The court denied the motion for change of place of trial.

Two questions are raised: the first one being that the original answer was sufficient, and the second one being that the plaintiffs herein had the right to file an amendment to their answer. We will consider this last question first.

I. Section 11411 of the Code of 1927 is as follows:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient

bond, may have such action transferred to the district court of the county of his residence."

This section was passed by the thirty-third general assembly, effective April 15, 1909, as Subsection 6 to Section 3505 of the Code, 1897. It became Subsection 6 of Section 3505 in the Supplement to the Code, 1913.

It is the contention of the respondent that the word "answer" is to be construed in a strict, narrow sense, and that it does not include an amendment to an answer.

This statute has been under consideration several times. *State ex rel. Erdahl v. District Court,* 189 Iowa 1167. In that case, the court discussed the purpose of the statute as follows:

"The general rule of the statute was and is that personal actions must be brought against residents of this state in the county of their residence. The general exception to this general rule is that a defendant may be sued upon a written contract where payable. The purpose of the amendment above quoted is to withhold such exception from a written contract, where there is a good-faith issue of fraud in the inception of the transaction. In order to insure such good faith, it requires that the facts constituting the alleged fraud shall be set forth under oath, and that bond be given for costs, including expenses of plaintiff and his attorney in attending at wrong county, if the defense fails."

The foregoing case involved a number of actions tried together. In one of them, the indorsers on certain promissory notes were joined as defendants. The maker of the notes set up the defense of fraudulent representations, and asked for a change of venue. The indorsers presented two applications for change of venue. The first was filed before answer, and was predicated upon the general statute regulating changes of venue, and not upon Subdivision 6. This application being denied, the indorsers answered, and, in effect, joined with the maker in the defense set up by him. They thereupon filed an application for a change of venue, under Subdivision 6, Section 3505, above quoted. The court says:

"The situation presented by their second application was that all the defendants, maker and indorsers, were before the court, with the same defense of fraudulent representations in the

inception of the contract; all were shown to be actual residents of Winnebago County; and all were asking for a change of venue to that county. We see no impediment to the granting of the change as to all of them, nor any valid reason for refusing the same.''

*Winneshiek County State Bank v. Winneshiek Dist. Court,* 198 Iowa 524, was a proceeding under the section under consideration. In that case, suit was brought on two promissory notes. The defendants filed a sworn answer, averring that the notes were obtained through false and fraudulent representations, and without consideration, and that they were residents of another county. With this answer was an application for change of venue. The answer disclosed further that the notes in suit were renewal notes, given for previous notes, and that the alleged fraud was perpetrated upon the defendants for obtaining such notes, and that the discovery of fraud was subsequent to the giving of the renewal notes. The plaintiff in the case objected to the motion for a change of place of trial, on the ground that the issues were not made up. At the same time, plaintiff filed a motion to strike, and for more specific statement. On the following day, it filed an amendment to such motion. Two weeks later, the court sustained plaintiff's motion and the amendment in part, and overruled them in part. Thereupon, on the same day, the defendants amended their answer to conform to the ruling of the court, and on the same day, the court entered an order granting the change of place of trial.

While the point here before us was not directly raised in the *Winneshiek County State Bank* case, yet the writ based on an amended answer was sustained. See, also, *State ex rel. Blunt v. District Court,* 199 Iowa 48; *McLaughlin-Gormley-King Co. v. Hauser,* 200 Iowa 210; *Devore v. Municipal Court,* 200 Iowa 111.

The respondent relies mainly on *Sell v. Mershon,* 202 Iowa 627, because of the following language therein contained:

''The ruling on this question on a change of venue must be based wholly upon the sworn answer filed in the case.''

In the *Sell* case, after the motion for the change of place of trial was filed, the plaintiff in the suit below amended its peti-

tion, and attached thereto certain interrogatories, which were answered before the motion for change of venue was ruled upon. It was insisted below, and on the certiorari hearing, that the answers to these interrogatories should be taken into consideration in considering the motion for change of place of trial. It was upon such a state of facts that this court made the statements above quoted. It can only be interpreted to mean that the change must be based upon the sworn answer, unaided by the answers to the interrogatories attached to the petition.

The word "answer" is often, in the law, given a broad significance. Thus a demurrer becomes an answer, within the meaning of the Practice Act, authorizing a clerk to enter default judgment in an action for money or damages arising on a contract, "if no answer has been filed" within the time specified in the summons. *Oliphant v. Whitney,* 34 Cal. 25.

The word "answer," as used in an original notice stating that, unless the defendant appears and answers by a certain day, default will be entered, includes demurrers and motions, as well as answers. *Lyman & Co. v. Bechtel & Ross,* 55 Iowa 437.

Other illustrations and citations might be given. Manifestly, the spirit of the statute under consideration is to enable the defendant to have the action tried at the domicile of the defendant, rather than at the place of performance, as specified in the contract, when the defendant, under oath, has pleaded facts alleging fraud in the inception of the contract constituting a complete defense thereto.

It would be a very narrow and cramped construction of the statute to hold that, with such objects in view, the party seeking the change should be held literally and technically to any error of omission in the original answer filed, regardless of the good faith with which the answer and motion to change were filed, and regardless of the facts in the case. In other words, we think it is more in keeping with the spirit of the statute and the purpose for which it was enacted that if, in good faith, the defendant files an answer in a good-faith and apparent attempt to comply with the terms of the statute, and subsequently it is discovered that, by oversight or otherwise, something important had been omitted from the answer, the defendant should be permitted to amend the answer and set up the allegations and facts. These allegations must be in the answer, not in a motion or de-

**1138**

murrer or other pleading; but we think the good-faith statement of the issue of fraud in the inception of the transaction may be made in either the original answer or in an amendment thereto. To hold otherwise would be to inject into this matter of pleading a technicality not in harmony with the spirit of pleading under the Iowa practice.

II. Inasmuch as the writ must be sustained because of what has hereinbefore been said, it is unnecessary to pass upon the question of the sufficiency of the original answer. To do so would be of no value to bench or bar. No two pleadings are alike in form or in basic facts.

The change of place of trial should have been granted, and the writ is sustained.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.