CITIZENS' SAVINGS BANK OF ELGIN v. OLE OLESON B.

1. **Promissory Note**: SURETY: JUDGMENT. A judgment by confession against the maker of a promissory note is not a bar to a subsequent action against the surety on the note.

*Appeal from Clayton District Court.*

FRIDAY, DECEMBER 14.

THIS is an action upon a promissory note, of which the following is a copy:

"MARION, the 4th day of October, 1873.

"Ten years after date we promise to pay to the order of Christian Meyer the sum of one hundred and ninety.dollars, at ten per cent interest annually.          OLE OLESON AASON,
                                                          OLE OLESON B."

" Canceled by confession of judgment as to Ole Oleson Aason, March 6th, 1877.          MARVIN COOK,
                                                      *Clerk of District Court.*"

The defendant answered as follows:

" Defendant admits that he signed the note described in the petition herein, and alleges that he signed said note as surety for said Ole Oleson Aason, he being the principal on said note; that afterwards, on the 6th day of March, 1877, said plaintiff filed in the office of the Clerk of the District Court, in and for Clayton county, a statement in due form of law for confession of judgment on said note duly signed and verified by said Ole Oleson Aason, said statement for confession of judgment being

obtained by plaintiff from said Ole Oleson Aason, and bearing date the 5th day of March, 1877; that said confession of judgment was duly entered of record by the Clerk of said District Court, on the 6th day of March, 1877, and judgment was entered thereon in favor of the plaintiff herein, against said Ole Oleson Aason for the sum of one hundred ninety-seven dollars and ninety-seven cents, said judgment being recorded in judgment docket F, page 63, of the records of said District Court, and approved by said District Court at the May Term thereof, on the 14th day of May, 1877; that said judgment was confessed on said note by said Ole Oleson Aason, without the knowledge or consent of said Ole Oleson B, surety thereon and defendant herein, and is still in full force and effect against said Ole Oleson Aason; that defendant herein is released from all liability on said note as surety by virtue of said confession of judgment, which is a bar to a second recovery on said note against the defendant herein. Wherefore, defendant demands judgment for costs. The plaintiff demurred to this answer. The demurrer was sustained, and judgment was rendered against defendant for $201.70. The defendant excepted, and appeals.

*S. K. Adams*, for appellant.

*B. F. Emery* and *Rickel & Clements*, for appellee.

DAY, CH. J.—Section 2550 of the Code is decisive of this case. It provides that where two or more persons are bound 1. PROMISSORY by contract jointly only, or jointly and severally, note: surety: or severally only, including the parties to negotiable paper, and sureties thereon, the action may at plaintiff's option be brought against any or all of them; and an action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others. Appellant insists that this section is not applicable because the judgment was by confession. The claim, we think, is without merit. The section provides that an action or *judgment* against any one, without reference to the manner in which the judgment is obtained, shall not bar proceedings against the others.

No reason can be given why the effect of a judgment by confession should be different from that of one recovered by action.

We are fully satisfied that the demurrer was properly sustained.

AFFIRMED.