JOHN CARTNEY, Plaintiff, v. DISTRICT COURT OF POLK COUNTY, Defendant.

**VENUE: Fraud in Contract.** The maker of a fraud-induced promissory note who has *renewed the note in the hands of a third party* and is sued on the latter note in a county not of his residence may not have a change of venue to the county of his residence on an allegation as to the fraud in the *original* note.

*Certiorari to Polk District Court.*—J. D. WALLINGFORD, Judge.

JUNE 22, 1923.

THIS is a proceeding in certiorari to test the legality of an order of the district court of Polk County refusing to the petitioner a change of venue to the county of his residence, in an action upon a promissory note against the petitioner, wherein he pleaded fraud as a defense. The order was denied by the respondent on the ground that the petitioner did not in such action bring himself within the provisions of the statute in such case provided.—*Affirmed.*

*Healy & Breen,* for plaintiff.

*Stipp, Perry, Bannister & Starzinger,* for defendant.

EVANS, J.—The question involved herein is whether the petitioner in such action in the district court brought himself within the provisions of Subsection 6 of Section 3505, Code Supplement, 1913, which provides in part as follows:

"6. In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

Turning to the record in that action, it appears that, on October 22, 1919, the petitioner executed his two notes to the Peoria Tractor Corporation for a total of $7,000. Shortly thereafter, these notes were sold to the Mechanics Savings Bank of Des Moines. These notes fell due in April, 1920. The petitioner paid interest thereon from time to time, and obtained an extension for the payment of the principal for several months. On September 30, 1920, he took up the notes by giving a new note to the bank, as payee, for the amount of the principal thereof. Some time after the maturity of this note, and on June 28, 1921, he took up this note by the giving of another for the same amount, which latter note was that upon which the action was brought in the district court of Polk County.

The petitioner pleaded as a defense that the original note to the Peoria Tractor Corporation was obtained from him by fraudulent representation made by the stock salesmen. The substance of the representation was that these salesmen assured the petitioner that the process of the organization of the corporation was advanced to such a state that it could be in operation as a manufacturer within from six to nine months, and that it had assets to the amount of $190,000. He alleged that in truth the corporation had no assets whatever, and that at no time has the corporation been engaged in the manufacturing of tractors, and that it had no plant for such manufacturing, as said salesmen had falsely represented.

Are these allegations sufficient to bring the petitioner within the operation of the statute above quoted? It is not alleged that there was any fraud practiced upon the petitioner by the payee, to obtain the note sued on. We are not now concerned with the question whether a valid defense, if any, against the original note to the Peoria Tractor Corporation, in the hands of the bank as purchaser, is now available to the maker, in an action upon the present note. We can only inquire now whether an allegation that the original note to the Peoria Tractor Corporation was obtained by false representation is the necessary equivalent of an allegation that the note in suit was obtained by false representation. We think that such a construction would be a strain upon the statute, and would constitute, in effect, a substantial addition thereto.

When it is further considered that the substantial part of the representation alleged was the guaranty that the company would be manufacturing within six to nine months, and that the failure of this representation or guaranty must have been known to the petitioner when he signed the novation note to the bank, his call upon the protection of this statute is greatly weakened. He does not allege, and doubtless could not, that he signed the note in question before discovery of the fraud. It is our conclusion that his application for a change of venue was properly denied.

The order entered below is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.