IDA E. KNOWLTON, Appellant, v. PREFERRED ACCIDENT INSUR-
ANCE COMPANY OF NEW YORK, Appellee.

**PLEADING:** Insufficient Admission As Basis for Judgment. A defend-
ant may not, on the petition and on the admissions of the answer,
have a judgment entered on his theory of liability unless his admis-
sions are as broad as the allegations of the petition.

Headnote 1: 31 Cyc. p. 669 (Anno.)

*Appeal from Polk District Court.*—LESTER L. THOMPSON,
Judge.

SEPTEMBER 26, 1924.

REHEARING DENIED APRIL 8, 1925.

ACTION on contract of insurance. On motion of defendant,
judgment was rendered on the pleadings in favor of plaintiff
for less than demanded by plaintiff. Plaintiff appeals.—*Re-
versed.*

*Winfield W. Scott,* for appellant.

*Miller, Kelly, Shuttleworth & Seeburger,* for appellee.

ARTHUR, C. J.—I. Plaintiff alleged, and defendant ad-
mitted, that the policy sued on was issued to Elias Knowlton on
November 2, 1903; that Ida E. Knowlton, wife of assured and
plaintiff herein, was made beneficiary; that assured continued
the policy in force until his death, May 15, 1922; that the con-
tract covered the assured for accidental death arising from ex-
ternal, violent, and accidental means. The policy was annexed
to and made part of the petition. The petition alleged that:

"On or about May 9, 1921, through external, violent and
accidental means, to wit, the unexpected and accidental striking
of his left thumb, the said Elias Knowlton received a physical
injury which, independent of all other causes, resulted in his
death on or about the 15th day of May, 1921."

In an amendment to the petition, in obedience to ruling on motion for more specific statement, it was alleged that the injury occurred while Knowlton was attempting to drive a nail, in repairing a door; that he unexpectedly and accidentally struck the thumb of his left hand with a hammer, thereby bruising, mashing, and otherwise injuring the same; that following said injury the thumb became swollen and painful, and was opened, and pus discharged therefrom; that pain continued and swelling increased and extended up the arm and into the body; and that such condition, "resulting from said injury to said thumb, caused his death."·

In its answer, defendant denied each and every allegation of the petition and amendment thereto, except that plaintiff was the widow of Elias Knowlton, deceased, the allegations as to the corporate existence of defendant, the issuance of the policy, that all premiums had been paid, and "that said death occurred from septicaemia or blood poisoning." The answer further averred that, as a consequence of the death of Knowlton "from septicaemia or blood poisoning," the beneficiary became entitled, under the policy, to the sum of $1,250, with interest. In an amendment to the answer, defendant admitted that, under the policy, plaintiff was entitled to recover $225, being the amount of the premiums paid by Knowlton, and asked that the court enter judgment against it for the sum of $1,475, with interest.

By the terms of the policy, Part I, Knowlton was insured "against the effect of bodily injury * * * caused solely and directly by external, violent and accidental means, * * * for loss of life, payment in sixth and subsequent policy years, $3,750." Part IV reads:

"Special indemnities. If septicaemia * * * shall, independent of all other causes, result in the death· of the assured, the company will pay the sum of $1,250."

Plaintiff's action was based on Part I of policy above quoted. Defendant sought to evade full liability of $3,750 provided in said Part I of the policy, and insists that the liability would be $1,250. The paid-up premium of $225 would be added, in either event.

II. On this state of the pleadings, defendant moved that

judgment be entered on the pleadings against it in the amount of $1,475, with interest, stating that the amendment to plaintiff's petition alleged that the death of Knowlton "was caused by blood poisoning;" that the policy provided that, where death resulted from blood poisoning, the amount payable under the policy is $1,250; that the answer admitted the death of assured and that he died as "the result of blood poisoning;" and that the sum of $1,250 was due the plaintiff, and in addition thereto, the amount of the premiums paid, in the amount of $225. The motion was sustained and judgment entered, the court finding that "by the pleadings the defendant admits a liability of $1,475 and interest; that, under the policy declared upon in plaintiff's petition, the plaintiff is entitled to have and recover said sum, and no more, because of the death of the assured, as is shown by said pleadings, resulting from blood poison or septicaemia, which was caused by the accidental striking of assured's thumb with a hammer,"—from which judgment this appeal is prosecuted.

III. Assignments of error, in substance, are: That the court erred in assuming that the death of Knowlton resulted from blood poisoning, *independent of all other causes;* that it was error to disregard the allegation in the petition that decedent received a physical injury which, independent of all other causes, resulted in his death; that it was error not to enter judgment for plaintiff, under Part I of the policy, in the sum of $3,750, with premiums paid and interest added; and that the court erred in assuming that death resulted from septicaemia or blood poisoning, "independent of all other causes," although not so alleged in the petition nor admitted in the answer; that the court erred in overlooking or disregarding the allegations in the amendment to the petition describing and showing conclusively that death resulted from injury to thumb by accidentally striking it, and that whatever occurred subsequently was in consequence of such accident; that it was error not to render judgment for $3,750, with premiums paid and interest added, upon finding that the blood poisoning which resulted in death was caused by an injury to the thumb; that the court erred in not rendering judgment in the amount claimed by the plaintiff, because the petition alleges the bruising of the thumb to be the

proximate cause of death, and defendant's admission in answer, of death by septicaemia, was tantamount to admitting that septicaemia, setting in in consequence of said bruise, was merely a link in the chain of causation.

The assignments are so related that they may be considered together. The claim of plaintiff in her pleadings is that assured died from external, violent, and accidental means, independent of all other causes: that is, from accidentally hitting his thumb with a hammer. The defendant specifically denied such allegation, in the first instance, and then ingenuously admitted that Knowlton died of septicaemia or blood poisoning, but did not plead that he died of septicaemia or blood poisoning, *independent of all other causes*. The admission did not meet the allegations of the petition. There remained an issue of fact: namely, whether the accidental striking of his thumb with a hammer, independent of all other causes, which developed into blood poisoning, was the proximate cause of death; or whether, as pleaded by defendant, Knowlton died simply of septicaemia, or blood poisoning. Manifestly, it was error to sustain defendant's motion and enter judgment under Part IV of the policy for only $1,250 on the theory that it was alleged by plaintiff, and admitted by defendant, that Knowlton died of septicaemia, or blood poisoning, *independent of all other causes*. The judgment entry recites that:

"Elias Knowlton died of blood poison or septicaemia, which was caused by the accidental striking of assured's thumb with a hammer."

The finding of the court in the judgment entry really adopted plaintiff's theory of the case, as pleaded by her. Plaintiff insists that she was entitled to judgment, under the court's finding of fact, for the full amount of her claim under Part I of the policy. Plaintiff did not move for judgment, and we do not pass upon the question as to whether plaintiff was entitled to judgment in the amount of her claim, in the state of the pleadings. However, it is pertinent to say that our cases and cases of other jurisdictions hold, in substance, that, where an assured suffers an injury which results in blood poisoning, and the blood poisoning results in death, the proximate cause of death is the injury, and not the blood poisoning. *Delaney v.*

*Modern Acc. Club,* 121 Iowa 528; *Ballagh v. Interstate B. M. A. Assn.,* 176 Iowa 110; *Western Commercial Trav. Assn. v. Smith,* 29 C. C. A. 223; *Omberg v. United States Mut. Acc. Assn.,* 101 Ky. 303 (40 S. W. 909); *Cary v. Preferred Acc. Ins. Co.,* 127 Wis. 67.

For the reasons pointed out, the case is reversed and remanded for further proceedings not inconsistent with this opinion.—*Reversed and remanded.*

Stevens, De Graff, and Vermilion, JJ., concur.