STATE OF IOWA ex rel. BLUNT, Petitioner, v. DISTRICT COURT OF WINNESHIEK COUNTY et al., Respondents.

**VENUE:** Motion for Change—Fraud in Contract—Discretion of Court. 1    The trial court is clearly within its discretion in refusing a change of venue on the ground of fraud in the inception of the contract sued on, when the motion for such change was first filed *after a continuance,* and when it is made to appear that the fraud relied on for the change was known to the movent long prior to the bringing of the action.

**VENUE:** Motion for Change—Fraud in Renewal Contract. In a mo- 2    tion for a change of venue because of fraud in the inception of the contract, it is not sufficient to show fraud in the inception of the original contract, *of which the contract sued on is a renewal.* Fraud in the inception of the *renewal* contract must be shown.

Headnote 1.   40 Cyc. p. 147.   Headnote 2.   40 Cyc. p. 160.

*Certiorari to Winneshiek District Court.*—W. J. SPRINGER, Judge.

DECEMBER 11, 1924.

THIS is a certiorari proceeding, brought by the relator to test the legality of an order of the district court refusing a change of venue to the defendant under the provisions of Subsection 6 of Section 3505 of the 1913 Supplement.—*Affirmed*.

*E. H. Estey*, for petitioner.

*Willett & Nelson*, for respondents.

EVANS, J.—The title of the main case in which the order complained of was entered, was "National Bank of Decorah v. H. G. Blunt." The suit was brought on January 6, 1923, in the district court of Winneshiek County, upon a promissory note for $3,000, dated May 25, 1922, and payable November 25, 1922, in Winneshiek County. The defendant appeared at the first ensuing term, and on February 12th, filed an answer of general denial; and no further proceedings were had at that term. At the adjournment of the term, the cause was continued, by operation of law. At the next term, and on April 11, 1923, such defendant, the relator herein, filed an amended and substituted answer. By such answer he averred that, in October, 1920, he was fraudulently induced to purchase capital stock in the Adams Seed Company, and that, on October 25, 1920, he gave to the Adams Seed Company his three promissory notes for the total sum of $3,000, in payment for such capital stock; that, on April 25, 1921, he executed to the plaintiff herein his four promissory notes for the same amount, in lieu of the notes formerly given to the Adams Seed Company; that, when these latter notes became due, he further executed to such payee, the National Bank of Decorah, his note for $3,000, in lieu of his previous notes; that, on May 25, 1922, he again executed to the same payee a renewal note for the same amount; and that such is the note sued on by the plaintiff in the main case. Paragraphs 9 and 10 of the answer in such case set forth the details of the fraud complained of. These details consist, in the main, of alleged representations affecting the value of the stock purchased, upon which such defendant relied in the execution of the original notes. Paragraphs 10 and 11 of such answer were as follows:

"Par. 10. That, in the purchase of said stock and in the

execution of the notes given therefor, defendant relied upon said false and fraudulent and criminal representations, statements, and warranties, and believed them to be true; and the same constituted and was the inducement to plaintiff to purchase said stock and execute the notes therefor.

"Par. 11. That, by means of the facts as heretofore set out, the notes given for said stock had their inception in fraud and were procured by fraud; and the same is true of the note sued upon herein."

With this answer, such defendant filed an application for a change of venue, under the provisions of the statute hereinbefore referred to. The plaintiff in such suit attacked the sufficiency of the answer as a basis for the change of venue prayed, on the following grounds: (1) That the application was not made before a continuance was had, as provided by Section 3506, Code of 1897; (2) that such answer did not plead fraud, as against the payee of the note in suit, in obtaining such note.

The application for a change was brought on for hearing on August 9, 1923, on which date such defendant amended his motion for a change of venue, by reciting therein his excuse for failure to file same in statutory time. Such purported excuse was that he had not fully learned the facts constituting the fraud pleaded by him, until April 10 and April 11, 1923; and that, prior to such date, he had not known the facts sufficiently to plead the same. This recital was not verified, but evidence was introduced by such defendant in support thereof. The trial court did not indicate upon the record the ground upon which he refused the change of venue. If either of the stated grounds be well taken, the order must be sustained.

I. The requirement that an application for change must be made before a continuance, is to be found in Section 3506. We have held that this section is applicable to Subsection 6 of Section 3505. *Bilbo v. District Court*, 192 Iowa 1246. We have held, also, that a failure to file the application at the first term may be excused by showing that the facts of the defense of fraud were not known to the defendant at such time, and that the same were set up by him as soon as discovered. *First Nat. Bank v. District Court*, 193 Iowa 561. We have held, also, that

1. VENUE: motion for change: fraud in contract: discretion of court.

the provisions of Subsection 6 of Section 3505 are mandatory, when applying defendant brings himself within its terms, as qualified by Section 3506. In this case, the applicant for a change did not bring himself within the terms of said subsection, in that he failed to present his application before a continuance. Notwithstanding such failure, we have held that he may avoid the failure by a showing of sufficient excuse. The result of our holdings is that Subsection 6 of Section 3505 leaves no discretion to the district court, when its requirements are fully met at the first ensuing term; but when the applicant must needs excuse his failure to apply for a change before a continuance, his showing of excuse must be considered by such court, and the sufficiency thereof determined by such court. *First Nat. Bank v. District Court,* 193 Iowa 561, 566. Such determination necessarily involves a degree of discretion.

In support of his excuse for delay, the plaintiff became a witness in his own behalf. On his cross-examination, he identified and admitted a letter presented to him, which he had written in October, 1921, wherein he charged, in substance, the same fraud which he later pleaded in his substituted answer, filed in April, 1923. In refusing to sustain the excuse upon such showing, the court acted clearly within its sound discretion. The relator must be deemed, therefore, to have failed to excuse the delay in presenting the issue of fraud. This, of itself, is sufficient to sustain the ruling.

II. We deem it clear, also, that the substituted answer of the relator, as defendant, failed to charge any fraud as against the payee of the note sued on, in obtaining such note from the relator. The nearest approach to allegation on that subject is contained in Paragraphs 10 and 11, which we have quoted above. What appears from the record as a whole is that the plaintiff in the main suit purchased the notes given by the relator to the Adams Seed Company, and that it was the holder of such notes at the time and times that all the other notes were executed, and that all the other notes were executed to it as payee. It is not sufficient in such case for the applicant for a change of venue to aver merely that there was fraud in the original transaction: he must also aver fraud on the part of the payee in obtaining from him

2. VENUE: motion for change: fraud in renewal contract.

the note sued on.  *Cartney v. District Court,* 196 Iowa 36.  This requirement is not fairly met in the substituted answer under consideration.

The judgment below must, accordingly, be—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.