KATHERINE SELL, Petitioner, v. J. E. MERSHON, Judge, et al.,
Respondents.

**VENUE:** Change of Venue—Fraud—Non-discretion of Court. In an
1 action on a contract in the county of performance, but not of the defendant's residence, the filing of a sworn answer which pleads fraud in the inception of the contract, with prayer for change of venue, leaves the court no discretion to refuse the change.

**VENUE:** Change of Venue—Fraud—Sole Basis for Change. The sworn
2 answer is the *sole* basis for a change of venue in an action on a contract in the county of performance, but not the county of defendant's residence.

**VENUE:** Change of Venue—Fraud—Sufficiency of Pleading. The tech-
3 nical sufficiency of a sworn answer as a pleading of fraud as a basis for a change of venue will not be passed upon on certiorari, in the absence of any attack thereon in the district court.

**APPEAL AND ERROR:** Abstracts of Record—Delay in Filing—Effect.
4 Delay in filing a printed abstract in certiorari in strict accord with the order made at the time the writ was granted is not necessarily irremediable.

Headnote 1: 40 Cyc. p. 120. Headnote 2: 40 Cyc. p. 120. **Headnote** 3: 40 Cyc. p. 120. **Headnote 4:** 4 C. J. p. 587.

*Certiorari to Des Moines Municipal Court.—J. E. MERSHON,*
*Judge.*

NOVEMBER 16, 1926.

Certiorari to review the ruling of the defendant judge on a
motion for change of venue.—*Writ sustained.*

*F. P. Hagemann* and *Lorentzen & Shepherd,* for petitioner.

*Gillespie & Canfield,* for respondents.

ALBERT, J.—I.  On November 21, 1924, the Capitol Hill
Monument Company brought action in respondent court against
the petitioner, Katherine Sell, on an alleged written contract to
buy a monument, which contract was claimed to
have been signed by petitioner.  The defendant
filed answer on the 8th of December following,
in which she sets up, first, a general denial, and alleges, in sub-
stance, as follows: That she was a resident of Waverly, in
Bremer County, Iowa; that she was 61 years of age, had no
business experience, was unable to read or write or fully under-
stand the English language, and speaks same very brokenly;
that, in July, 1924, a representative of the Capitol Hill Monu-
ment Company called at her home, and tried to sell her a monu-
ment to place at the grave of her husband, who had recently
died; that she told him she had nothing to do with the purchase
of a monument, as that matter would be attended to by the
executor of her husband's estate; that he ridiculed seeing the
executor or consulting him, and she refused to consent to give
him an order for a monument; that, before he left on that occa-
sion, he prepared a paper which he asked her to sign; that he
falsely and fraudulently represented to her that it was not an
order for a monument, and that by her signing the same she
would in no manner be obligated to take a monument, that the
same had no legal and binding effect, and that it was not a
contract, and he would use the same to show the company that
he had called on her; that said agent knew that she was unable
to read or write the English language, knew that she did not
understand the same, and knew that the representations made

1. VENUE: change
of venue: fraud:
non-discretion
of court.

concerning the instrument which he asked her to sign were false and fraudulent, and made for the purpose of deceiving her and inducing her to sign the same; that he took advantage of her credulity and lack of knowledge and business experience, and insisted that she place her signature thereon; that finally, relying upon the false and fraudulent representations of said agent, and believing them to be true, and believing that the instrument which he had prepared was not an order for a monument, she told her daughter to affix her name thereto; that the agent did not read or offer to read to the defendant said instrument, nor explain any part of the same, except to tell her that it was not an order for a monument; that, on the 24th of August, the agent again called at her home in Waverly, and asked her to come to Des Moines and pick out a monument; that she declined, and he told her she had given him a valid order for a monument in July previous; that she again told him to see the executor of her husband's estate, and that the executor had already purchased a monument from a local dealer in Waverly; that thereupon he threatened her with litigation, and told her that, unless she came along, he would bring a suit for $1,000 in Des Moines against her; that she would be unable to defend against said suit because of the purported order heretofore referred to; that, because of the threats of litigation and false and fraudulent representations that the order given was a valid one, she came with the agent to Des Moines in an automobile, to the place of business of the Capitol Hill Monument Company; that the agent there prepared an order or contract, which is the contract sued on in this case. Defendant admits that she signed the same by placing her cross thereon, and alleges that her signature thereto was procured through false representations of the plaintiff's agent, and through artifice and deceit practiced upon her; that the said agent told her that the order given in July was valid, legal, and binding, that, unless she would sign, the company would bring suit against her for $1,000 in the city of Des Moines, that she would be at great expense in defending the same, and that she had no chance to win; that he refused to take her back to her home at Waverly unless she signed the contract, knowing that she had not sufficient funds with which to buy a ticket home; that he said that she would have to walk, before he would take her back, unless she signed the order; that plaintiff's agent

falsely and fraudulently represented to defendant that it made no difference to him or to the plaintiff company whether she signed the contract or not, for the reason that she had already signed a contract for a monument on July 24, 1924, which was a legal and binding contract, and by doing so, her legal obligation to buy a monument from plaintiff would in no manner be affected, and that the signing of the same would not alter or affect the former contract, that it would not change her contractual relation to plaintiff company, that the same was only an addition thereto, and would be used in connection therewith; that she believed and relied upon the false and fraudulent statements of plaintiff's agent so made, that the former contract was valid and binding upon her, and that it was immaterial, so far as her liability was concerned to defendant, whether she signed the purported contract (in suit) or not; that, believing that it was merely an addition thereto, and part of the former contract, she signed same by making her cross; that she would not have signed said contract, but for said false representations.

This, in substance, is her answer. At the same time, she filed a motion for a change of venue to her home county of Bremer, which was overruled by the respondent. Section 11411, Code of 1924, reads as follows:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

It appears in the trial of the case that, after this motion for a change of venue was filed, the monument company amended its petition, and attached certain interrogatories thereto, which 2. VENUE: change of venue: fraud: sole basis for change. were answered before this motion for a change of venue was ruled upon. It is insisted by the respondent that the answers to these interrogatories should be taken into consideration in considering this ruling on the motion for a change of venue. These interrogatories are wholly evidentiary, and at most, can only be regarded as evidence amounting to admissions by the answering party to

the interrogatory, and, in our judgment, have nothing whatever to do with the consideration of this matter. The statute provides that, when a sworn answer is filed, setting up fraud in the inception of the contract, and the same constitutes a complete defense thereto, the court has no discretion in the matter, and the change of venue must be granted. We so held in *State ex rel. Erdahl v. District Court,* 189 Iowa 1167. The ruling on this question on a change of venue must be based wholly upon the sworn answer filed in the case. More than that, we have read the answers to the interrogatories, and do not think they have the force and effect claimed for them by the respondent.

The only other question in the case is whether or not the matters pleaded constitute fraud, within the meaning of this section.

We have said, in the case of *State ex rel. Erdahl v. District Court,* supra, that, in considering a pleading filed by the defendant under these circumstances, "we will not scrutinize the answer to the same degree that we would upon a motion or demurrer attacking the sufficiency of the same. The sufficiency of the answer was in no manner attacked in the court below, and we think that the appellee should not be permitted to attack it indirectly by mere argument here, in the absence of attack below. The answer purported to set up the very defense described in Subdivision 6. It charged the fraudulent representations, and purported to set the same out. Whether these allegations are sufficiently specific, or whether they charge legal conclusions to an undue degree, are proper questions for the consideration of the district court, upon the settling of the issues. Without passing, therefore, upon the perfection of the answer as a pleading, or upon the question whether it is vulnerable to any attack, we only say now that it was sufficient, at least in the absence of attack, to entitle the relator to the change of venue asked for."

3. VENUE: change of venue: fraud: sufficiency of pleading.

So say we in the present case.

We have before us quite an elaborate brief on both sides of the case on the question of what is a representation of a matter of law, as distinguished from a matter of fact; but we have to say, without stopping to refer to the authorities, that the evident intent of the pleader was to fairly set out what he claims to be the facts in this case. Some of them may be conclusions of law

or misrepresentations as to the legal effect of the documents, etc., but there are circumstances under which such matters might be the basis of fraud.

II. The original order made in this court when the writ was granted herein was:

"Cause to be submitted on printed abstract and briefs as nearly as may be according to the rules for submission of civil cases, at the January term, 1926, of this court, with cases from ninth district."

The defendants followed the statute, in the original case in this court, and made return. Petitioners did not file at that time a printed abstract and briefs, as required by the order. Thereupon a motion was made by respondent to dismiss the appeal. In resistance to that motion, the petitioners tendered printed abstracts and briefs, as required by the order. We think they should be accepted and considered, and the motion to dismiss is overruled.

4. APPEAL AND ERROR: abstracts of record: delay in filing: effect.

The ruling of the respondent refusing to grant the change of venue was erroneous, and is reversed.

Writ is sustained accordingly.—*Writ sustained.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.