HOME SAVINGS BANK OF DAVENPORT, Appellee, v. B. H. KELLEY, Appellant.

MARCH 6, 1928.

*Glenn D. Kelly*, for appellant.

*Albert W. Hamann* and *Edward A. Doerr*, for appellee.

FAVILLE, J.—This action is brought upon a promissory note, executed by appellant on March 30, 1925. The note bears the indorsement of one P. J. McCarthy. Appellant filed an answer,

 and thereafter filed a motion for an order that the indorser, McCarthy, be brought into said case as a party, and that the proceedings be stayed until he was brought in. Appellee filed a demurrer to appellant's answer. The court overruled the motion to bring in the indorser, whereupon the appellant prosecuted an appeal from said order. Thereafter, the appellant filed objections to the hearing on the demurrer, which were overruled, and thereafter, the appellee's demurrer to the answer was sustained. At said time, the appellant was given a certain number of days "in which to plead." Within the time stated, the appellant elected of record to refuse to plead further, and thereafter appealed from the order of court overruling the objections to hearing the demurrer, and to the ruling of the court thereon.

Without deciding that, on the foregoing state of the record, we will consider an appeal from the order of the court refusing to order that the indorser be made a party to the action, it is sufficient to say that appellee might properly have made the indorser a party, but it was not necessary that he do so. Under Section 10975, Code of 1924, appellee could maintain its action against either the maker or the indorser of said note, or against both, if it so desired. *Devoy & Kuhn, C. & C. Co. v. Huttig*, 174 Iowa 357; *Citizens' Sav. Bank v. Oleson*, 47 Iowa 492.

The answer of the appellant was as follows:

"Count 1. That the defendant denies each and every allegation contained in the petition herein, except such as is expressly admitted.

"Defendant admits that he signed a note which he assumes is the one in controversy, but that he demands its production and proof at the trial herein.

"Count 2. For further answer, defendant says that the note attached to the plaintiff's petition herein is a renewal note, given as the last of a series of renewal notes, the original of which note was given under the following conditions, to wit:

"P. F. McCarthy, the indorser on said note, was then, has been since, and is now, a director and officer in the Home Savings Bank, the plaintiff in this case. That he was desirous of securing a loan in the sum of $4,500 from the Home Savings Bank, with which to purchase stock in the Cleveland Baseball

Club. That, at the same time, the said P. F. McCarthy was also a director and officer in the Inter-State Material Company, a corporation of which the defendant was the manager, working on a salary for said company, of which P. F. McCarthy was the majority stockholder. That the original note was given for the purpose of securing money for P. F. McCarthy, and he did secure the money, all to the knowledge of the Home Savings Bank, plaintiff herein. That, in order to secure this money, the defendant signed the note, and P. F. McCarthy indorsed the same, and put up as collateral on said note $5,000 worth par value of shares in the Inter-State Material Company, of which the said P. F. McCarthy was a director, officer, and the largest individual stockholder. That the defendant does not know if the said stock was, at that time, issued in his or P. F. McCarthy's name, but believes it was issued in P. F. McCarthy's name. That the said P. F. McCarthy got all of the money on said note from plaintiff, and the said defendant got nothing, and has to this day received nothing for his signature on said note, except as aforesaid, and as to said defendant there is a failure and want of consideration, all of which was well known to the Home Savings Bank at the time of the giving of the original note and at the time of the other renewal notes and the present note.

"That it was understood and agreed by and between the defendant and P. F. McCarthy that the note was to be paid only by B. H. Kelley when dividends had been received sufficiently from said Inter-State Material Company to pay said note. That the said Inter-State Material Company was insolvent at that time, and was known to be so by plaintiff and P. F. McCarthy, and never earned dividends to pay the note, and is now dissolved, so that the note never became due, as between the defendant and P. F. McCarthy, and said note really represents a loan of money by plaintiff to P. F. McCarthy.

"That these matters were fully known to and by the plaintiff herein, and it is thereby estopped to claim that the defendant should pay this note to the said plaintiff under the terms and conditions on which this note was originally given.

"That, in this entire transaction, the defendant herein was securing this money for P. F. McCarthy, and not for the use and benefit of the defendant. That, at and prior to the time

the original note was first given, the plaintiff had full knowledge of all the facts above set forth.

"That the said P. F. McCarthy, indorser on said note, is the real party in interest herein, and that this defendant does not owe the plaintiff anything herein, for the reason that the said note was given for the benefit and use of said P. F. McCarthy, with the knowledge and consent and concurrence on the part of the plaintiff, in order to carry out the transaction of the plaintiff and P. F. McCarthy in loaning the said P. F. McCarthy money.

"That the said P. F. McCarthy raised the salary of the defendant herein in the Inter-State Material Company to the extent of the amount of interest payable on said note, and at various times has himself paid the interest on said note, or the renewal note herein, to the Home Savings Bank, the plaintiff in this cause of action; and the said P. F. McCarthy and plaintiff in this cause estopped to claim payment of said note from the defendant.

"That the note shows on its face that the said P. F. McCarthy is an indorser on this said note, and that he has not been sued in this cause of action.

"Defendant further states that plaintiff, in his petition herein, is asking for attorney's fees, and that attorney fees are not allowable, according to the note, on the sale of collateral. That the plaintiff does not set out any collateral on said note, or account for its failure to indorse the same, but leaves the note blank on this proposition, so that the defendant is not informed in any way of the disposition of the said collateral, but believes, from the allegation asking for attorney fees, that it has sold the same, or has in some other manner disposed of, lost, or gotten rid of said collateral, and so alleges the fact to be that the plaintiff has wrongfully and negligently sold, lost, or disposed of and gotten rid of the collateral which was put up to secure the original note herein and the renewal notes of which said note is one. That the plaintiff should account for the money received on the sale of this collateral, or for its value at the time of its disposition, or for its loss, in case it is lost, and the amount found to be due applied on said note.

"That by reason of the foregoing facts the said P. F. McCarthy is a necessary party defendant in this suit, and the real

party in interest; and the defendant asks the court that he be made a party hereto, and that the cause of action be continued until such time as he may have become and been made a party to this suit and have fully answered herein.

"Wherefore, the defendant asks that the said P. F. McCarthy be made a party to this suit, and that plaintiff be compelled to make a full and complete accounting of the collateral and its disposition, the money or other property secured on its disposal, and that the present defendant, B. H. Kelley, be dismissed, with his costs. Plaintiff is required to answer the interrogatories of the defendant hereto annexed."

To said answer the appellee filed the following demurrer, which was sustained by the court, and error is predicated thereon:

"Now, on this 26th day of November, A. D. 1926, plaintiff appears by its attorneys, Albert W. Hamann and Edward A. Doerr, and demurs to Count I of the answer of defendant heretofore filed, upon the following grounds, to wit:

"1. That the facts stated in said Count I do not constitute a defense to plaintiff's action, nor entitle said defendant to the relief demanded in said answer, for the following reasons, to wit:

"a. That said answer shows upon its face that defendant executed and delivered to plaintiff the promissory note sued herein.

"Plaintiff demurs to Count II of said answer upon the following grounds, to wit:

"1. That the facts stated in said Count II do not constitute a defense to plaintiff's action, nor entitle said defendant to the relief demanded in said answer, for the following reasons, to wit:

"a. That said Count II shows upon its face that the promissory note sued herein was executed and delivered by defendant to plaintiff in payment, discharge, and renewal of a certain promissory note theretofore executed and delivered by defendant to plaintiff; wherefore, said Count II shows upon its face that there was a sufficient consideration for the execution and delivery of said promissory note by defendant to plaintiff.

"b. That said Count II shows upon its face that the promissory note herein sued was executed and delivered by defend-

ant to plaintiff in payment, discharge, and renewal of a certain promissory note theretofore executed and delivered by defendant to plaintiff, and that the existence as a defense, if any, to the second above mentioned note, of the matters alleged in said Count II as a defense to the first above mentioned note, were well known to defendant at the time of the execution and delivery of the first above mentioned note; wherefore, said Count II shows upon its face that defendant has waived said alleged matters as a defense.

"c. That said Count II shows upon its face that defendant executed and delivered to plaintiff the first of the series of notes alleged in said Count II to have been executed and delivered by defendant to plaintiff, for the accommodation of P. F. McCarthy, and not of plaintiff, and that the plaintiff was a holder thereof for value.

"d. That said Count II shows upon its face that the only agreement relative to the payment of the promissory note sued herein out of dividends paid by the Interstate Material Company was made between defendant and P. F. McCarthy, and that plaintiff was not a party to said alleged agreement.

"e. That said Count II shows upon its face that any knowledge which P. F. McCarthy may have had of the alleged matters of defense to the promissory note sued herein, came to and was possessed by the said P. F. McCarthy when he was acting in his own interest, and not in the interest of the plaintiff, and that plaintiff is not, therefore, bound by such knowledge of said P. F. McCarthy.

"f. That said Count II shows upon its face that plaintiff did not make any false representation to defendant for the purpose of inducing him to execute and deliver the promissory note sued herein, and that defendant did not execute and deliver said promissory note in reliance upon and such supposed false representation of plaintiff; wherefore, it affirmatively appears from the face of said Count II that plaintiff is not estopped to enforce said promissory note against defendant in accordance with its terms.

"g. That said Count II shows upon its face that defendant and P. F. McCarthy are parties to the same instrument, to wit, the promissory note sued herein, and that, therefore, the

action thereon may, at plaintiff's option, be brought against any or all of said parties.

"h. That said Count II shows upon its face that the promissory note sued herein does not provide that plaintiff shall account for or resort to any collateral security which plaintiff may have for the payment of said promissory note before bringing suit thereon.

"Wherefore, plaintiff prays that said answer and each count thereof be adjudged insufficient and held for naught, and that it have judgment as prayed in its petition herein filed."

The answer, it will be observed, was in separate and distinct counts. Count 1 was a general denial of each and every allegation of the petition, except such as are expressly admitted. This count contains the following admission:

"Defendant admits that he signed a note which he assumes is the one in controversy, but that he demands its production and proof at the trial herein."

The other allegations of the answer, as we construe them, are not sufficient to constitute an admission of the appellee's right to recover. Under Section 11199, Code of 1924, inconsistent defenses may be stated in the same answer.

In *Burns v. Chicago, Ft. M. & D. M. R. Co.*, 110 Iowa 385, we said:

"Had the defendant admitted and denied in the same division, or in an answer not divided, there could be no question but that the admission, rather than the denials, would be taken. The fact that the denials are all in one division, and the admissions in another, cannot change the rule, provided the admissions, as such, concede the plaintiff's cause of action. When the right of recovery is once admitted, unless this is withdrawn or in some way avoided, no issue is tendered."

In *Fairley v. Falcon*, 204 Iowa 290, we said:

"However, on the theory of logic that a thing either is or is not, we have held that the statutory provision does not permit inconsistent defenses when one is destructive of the other. *Crawford v. Nolan*, 70 Iowa 97; *Taylor v. Chicago, St. P. & K. C. R. Co.*, 76 Iowa 753; *Burns v. Chicago, Ft. M. & D. M. R. Co.*, 110 Iowa 385; *Seymour v. Chicago & N. W. R. Co.*, 181 Iowa 218."

See, also, *Schaffer v. Acklin*, 205 Iowa 567.

Applying said rule to the instant case, we hold that the admission in the answer is *not* broad enough to constitute a concession of the appellee's right to recover. The general denial contained in the separate count of the answer was not withdrawn or waived by any admission in the answer of the appellee's right to recover. To put it another way, regarding the answer in its entirety, with its separate counts, the appellee would not be entitled to judgment on the pleadings. The court erred in sustaining the demurrer to Count 1 of the answer. For the error of the court in sustaining the demurrer as to Count 1, which contained a general denial, the order appealed from must be reversed. The ruling of the court in sustaining the demurrer to Count 2 of the answer was correct. The allegations contained in said count did not constitute a defense to the appellee's cause of action upon the note.

A motion to dismiss the appeal was ordered submitted with the case. One question raised by said motion we deem it proper to consider. At the time of the ruling on the demurrer, the  court entered an order giving the appellant a certain time "in which to plead." Within the stated time, the appellant filed his election to refuse to plead further, and to appeal from the order of the court sustaining the demurrer. This he was entitled to do, under the order, and this election was sufficient to furnish the basis for an appeal from the ruling upon the demurrer. See *Devoe v. Dusey*, 205 Iowa ——. The motion to dismiss the appeal is overruled.—*Reversed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.