Oscar Sorlie, Petitioner, v. Earl Peters, Judge, Respondent.

No. 45984.

December 15, 1942.

Rehearing Denied April 9, 1943.

Hart & Hart, of Waukon, and Turner & Turner, of Clarinda, for petitioner.

C. R. Barnes, of Shenandoah, for respondent.

Sager, J.—Petitioner designates the District Court of Page County and Honorable Earl Peters, judge thereof, respondents. Herein we speak of the judge as sole respondent.

Action was brought in Page County, Iowa, by the Economy * * * Company against petitioner (as defendant) on a promissory note for $76 with interest. Petitioner filed an answer which in substance was as follows:

Count I. A general denial; an admission that he executed a certain written instrument, coupled with an allegation of lack of information sufficient to form a belief as to whether the instrument sued on is the instrument executed by plaintiff, and "puts plaintiff upon strict proof"; also a lack of information as to whether the "instrument actually executed by defendant and delivered to plaintiff was a promissory note * * * and puts plaintiff upon strict proof * * *." He alleges that he has never executed and delivered to plaintiff "more than one instrument in writing."

In Count II petitioner alleges his residence in Allamakee county; that the instrument which he executed was given in payment for hog remedy represented to benefit and cure petitioner's hogs; that the so-called remedy was guaranteed to accomplish such result and that it would not injure said hogs, that it contained no deleterious substance, but, on the contrary, would be beneficial and increase the growth and quality of the hogs; that relying on such representations and believing them to be true petitioner purchased said remedy and fed the same to his hogs with such result that he was damaged to the extent of $500; that the statements were untrue and known to be so, and made to deceive and defraud to induce the purchase of such alleged remedy and to procure petitioner's signature to the only instrument he signed; that petitioner had no knowledge of the falsity of such representations until "long after defendant had fed those supplies to defendant's hogs"; that "there was fraud in the inception of the contract"; and that petitioner has a complete defense. The answer makes no prayer for judgment for damages. It reiterates that the instrument executed by him was the only written instrument ever executed and delivered by him to said plaintiff company.

Petitioner herein filed an application for change of place of trial, based on the claim that there was fraud in the inception of the contract. Resistance was filed on the ground that the

note was made payable in Page county; that the answer failed to set up a defense of fraud in inception of the contract; that the answer, in effect, amounted to a counterclaim; and that the answer did not admit the execution of the instrument sued upon but, in effect, pleaded to *some* instrument which was not in suit.

Change of venue was denied and this petition results. A demurrer thereto was filed which, in effect, repeats the grounds of resistance to the change. Three justices of this court allowed the writ and granted a stay order. We are now called upon to decide whether respondent erred in refusing to grant a change of venue.

Section 11411, 1939 Code, provides:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

We have held these provisions of the statute mandatory, leaving no discretion in the trial court, if the pleadings of the defendant meet the requirement of that section. State ex rel. Erdahl v. District Court, 189 Iowa 1167, 179 N. W. 442; Sell v. Mershon, 202 Iowa 627, 210 N. W. 758; Iowa Farm Credit Corp. v. Sawyer, 210 Iowa 43, 230 N. W. 409; Eulberg v. Cooper, 218 Iowa 82, 254 N. W. 48.

Respondent says there was no error "because the answer of the petitioner filed in the court below neither expressly nor by implication confessed the written contract or cause of action pleaded by the plaintiff in its petition, and no fraud is pleaded as a defense to the particular written contract sued upon." That the answer does in fact plead fraud in the inception of *a* contract does not appear to be open to argument. The point of respondent's contention is that, because there was no express admission of the execution of the note sued upon, the denial of execution of *some* contract was not sufficient. Section 11199 of the Code and our decisions permit the pleading of inconsistent defenses. Therefore, a denial and a plea of fraud in the answer

were permissible. Seibel v. Olson Bros. Hdwe., 202 Iowa 711, 210 N. W. 925; Kinney v. Cady, 232 Iowa 403, 4 N. W. 2d 225.

It may not be denied that petitioner's answer is not a model of pleading. A direct admission of the execution of the note sued upon might have obviated this appeal. But, as pointed out above, petitioner alleged repeatedly that he signed but one written instrument. It follows that the answer could have had reference only to the note sued upon. Many authorities are cited to support respondent's position but most of them were decided long before section 11411 of the Code was enacted. An examination of each and all of them discloses that none deals with a proposition like the one before us. The nearest approach is Home Sav. Bk. v. Kelley, 205 Iowa 514, 218 N. W. 288, which is distinguishable from the case at bar in that in that case it was admitted that the defendant had signed *a* note, but for aught that appears he might have signed many others, thus evading a plea that the instrument in controversy was conceived in fraud. Here no such uncertainty could arise. The citations of respondent to this proposition are these: Freeman v. Fleming, 5 (Clarke) Iowa 460; Gillis v. Black, 6 (Clarke) Iowa 439; Howes v. Carver, 7 (Clarke) Iowa 491; Kilbourne v. Lockman, 8 (Clarke) Iowa 380; Haywood & Son v. Seeber, 61 Iowa 574, 16 N. W. 727; Yarger v. Chicago, M. & St. P. R. Co., 78 Iowa 650, 43 N. W. 469; Hawley v. Griffin, 121 Iowa 667, 92 N. W. 113, 97 N. W. 86; Simons v. Petersberger, 171 Iowa 564, 151 N. W. 392; Cartney v. District Court, 196 Iowa 36, 194 N. W. 55; State ex rel. Blunt v. District Court, 199 Iowa 48, 201 N. W. 100; Knowlton v. Preferred Acc. Ins. Co., 199 Iowa 1172, 199 N. W. 1014; Home Sav. Bk. v. Kelley, supra; section 11411, 1939 Code of Iowa.

Respondent argues that petitioner failed to plead a defense on a ground of fraud because there was no showing that there was an offer to return the goods purchased and no allegation that said goods were of no value; but his brief says that "it may be assumed that the matter pleaded * * * in the second count * * * constitutes a plea of fraud in the inception of the contract sued upon. However, if it turns out to be * * * a counter-claim * * * it cannot constitute a 'complete defense'

within the meaning of Code Section 11411, inasmuch as a counter-claim is not a defense at all * * *." Assuming, without deciding, that a counterclaim would defeat a change of venue where fraud in inception appeared, we are unable to read petitioner's answer as a counterclaim. There is no plea for judgment and nothing more than the statement of the amount of damage sustained by the alleged fraud. It was necessary for petitioner to allege damage to have a defense. To state the amount thereof without asking for recovery does not make a counterclaim out of an answer.

Among the contentions of petitioner is that the respondent erred in refusing to allow attorneys' fees. It is without merit. This action was not brought in the wrong county. The note was payable in Page county and a change of venue is permitted only if the answer met the requirements of section 11411 of the Code. If a change be granted, attorneys' fees may be allowed if "upon the trial * * * judgment is rendered against the defendant." Section 11412, 1939 Code.

Respondent asserts that there was a failure to return the property purchased and therefore petitioner was not entitled to a change. Two answers to this appear. One is that this is a question to be determined after the change of place of trial, if granted; the other, that the remedy had been fed before the petitioner discovered its alleged poisonous and worthless character, making a return thereof impossible; and if it had not been, being worthless, return was unnecessary. Robinson v. Main, 227 Iowa 1195, 290 N. W. 539.

Lastly, it is argued that certiorari is not the proper remedy. We disposed of this contention in State ex rel. Erdahl v. District Court, supra.

On the whole record we conclude that petitioner's pleadings were sufficient to set up a plea of fraud in the inception of the contract and that a change of venue should have been granted.

It follows that the writ should be, and it is, sustained.— Writ sustained.

All JUSTICES concur.